UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOSIAH KUENZI,

      Plaintiff,

v.                                 Case No. 08-3906

EUROSPORT CYCLES, INC. et al.,

      Defendants.

## DEFENDANT CAPITAL ONE AUTO FINANCE, INC.'S REQUESTS FOR ADMISSION, INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO PLAINTIFF JOSIAH KUENZI

TO:    Plaintiff Josiah Kuenzi and Matthew B. Weisberg, Esq., his attorney:

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant Capital One Auto Finance, Inc. ("Capital One") hereby submits its Requests for Admission, Interrogatories and Document Requests to Plaintiff Josiah Kuenzi ("Kuenzi").

### INSTRUCTIONS

1.    In responding to these requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

2.    In answering these requests, you must make a diligent search of your records and of other papers and materials in you possession or available to you or your representatives. If an interrogatory has subparts, answer each party separately and in full, and do not limit your answer to the interrogatory as a whole. If an interrogatory subpart

cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information or knowledge you have regarding the unanswered portion.

3.    If the answer to any interrogatory changes after you have served the answer, you are under a continuing duty to notify defendant, under oath and in writing, of such change. Each document request constitutes a continuing request for information so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production and the time of trial.

## **DEFINITIONS**

1.    Identify, state identity of, or identification. The terms "Identify," "state identity of," or "identification" shall mean:

(a)    When used in reference to an individual means to state his or her full name, maiden or former names, present or last known home and business addresses and telephone numbers, and present or last known occupation, employer and job title or description;

(b)    When used in reference to an organization of any kind shall mean to state its full name, its state of incorporation (if applicable), the address of its principal place of business and its telephone number;

(c)    When used in reference to a document (as defined below), shall mean to state the type of document, its date, the identity of its author and its recipient, any title and/or serial number or file number appearing on the document, the identity of its present custodian, its present location and a brief description of its subject matter. If any such document was, but no longer is, in defendants' possession or control, or no

longer exists, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred to others, or (iv) how it has been otherwise disposed of.

2.     The term "Describe" shall mean:

(a)     describe fully by reference to underlying facts rather than ultimate facts or conclusions of fact or law;

(b)     particularize as to: (i) time; (ii) place, (iii) manner, and (iv) identity of person or persons involved; and,

(c)     whenever it is required that defendants describe in detail the subject matter of a document, defendants may attach a copy of said document to its answers to these interrogatories in lieu of describing in detail the subject matter of such document.

3.     You and Your.   The terms "You" and "Your" shall mean You, individually, and any of Your attorneys, agents, representatives, or other persons acting on Your behalf.

Individual.   The term "Individual" shall mean any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm or business enterprise, and any other artificial business or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof.

4.     Document or documents.   The term "document" or "documents" means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of You or Your attorneys, agents, representatives or assigns. This shall include, but not be limited to, all retrievable information in computer storage, including e-mails, letters,

telegrams, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in the possession and/or control of defendants or defendants' attorneys or agents or known by defendants to exist.

5. Relate to or relates to. The terms "Relate to" or "relates to" means mentions, concerns, reflects, discusses, analyzes, records, reports, or studies a particular subject or some aspect of a subject, or transmits, accompanies, forwards, or is attached to documents relating to a particular subject, or which describes a particular subject regardless of whether the proper name, designation or title of the subject is specifically mentioned. Nonverbal documents (e.g., photographs) relate to a subject if they depict or represent in any fashion the indicated subject.

6. And and Or. The terms "And" and "Or" shall be construed disjunctively or conjunctively, as necessary, in order to bring within the scope of each individual request for information all information which might otherwise be construed to be outside the scope.

7. Communication and/or Communicate. The terms "Communication" and "Communicated" mean any conversation, discussion, letter, memorandum, meeting, note, or other transfer of information whether written, oral, or by any other means and includes any documents which abstract, digest, transcribe, or record any such communication.

8. Withholding Any Documents From Production – Privilege. If You withhold from production any documents requested on any ground (including, but not limited to, a claim of attorney–client or other privilege or work product doctrine), please identify separately each such document, the exact ground or grounds for nondisclosure

and a brief statement of facts constituting the basis for the claim of privilege, work product or other ground(s) for nondisclosure.

9.      Possession, Custody Or Control.   You are instructed to produce all documents in Your possession, custody or control or in the possession, custody or control of Your attorneys and any other person or entity acting on Your behalf or as Your agent including, but not limited to, consultants, investigators, accountants, employees, agents and legal assistants. To the extent that any document is not presently within the possession, custody or control of the aforesaid parties or persons, You are hereby requested to execute such consents or other documents as may be required in order to permit production of such documents from third parties, or, in the alternative, to take such steps as may be necessary to procure their production. Please identify all documents called for herein which have been destroyed, and state when and for what reason those documents were destroyed.

10.     Continuing Request.   You have the duty to seasonably supplement or amend Your interrogatories responses whenever new or additional information subsequently becomes known to You.

### INSTRUCTIONS

1.      For each and every request for admission that You have denied, whether in whole or in part, state on what grounds You base Your denial, and identify and attach any document or written information which supports that denial.

2.      For each and every request for admission which You have claimed a lack of information or knowledge, identify specifically each step or measure You have taken in an attempt to answer said request for admission, identify any materials You require

before answering the request to admit, and also identify any person contacted or consulted in attempting to answer said request to admit.

3.     In answering these interrogatories, You should furnish all information available to You, including all persons acting on Your behalf, and not merely such information within Your knowledge.  If You cannot answer the interrogatories in full after exercising due diligence to secure the information, You should answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.   The interrogatories which follow are to be considered as continuing, and You are requested to provide, by way of supplementary answers, such additional information as You, or any person acting on Your behalf, may later obtain that will augment or otherwise modify Your answers.

4.     Please produce copies of all documents referred to in these interrogatories in Your answers, attaching copies of them to those answers.  Please provide the complete identity of each document as part of Your answer to each interrogatory.  This should include the date of the document, a summary of its contents, its author and/or recipient, its present custodian and its present location.

5.     If You contend that any requested information is privileged, the response should state the following: (1) the privilege asserted and the particular basis for asserting the privilege; (2) the author(s) and date of any allegedly privileged documents at issue; (3) the addressee(s) and persons to whom copies of any allegedly privileged documents were delivered; (4) the identity of all other persons who have seen the allegedly

privileged documents or information; and (5) the nature and general subject matter of the allegedly privileged documents or information.

### Requests to Admit

1.      Admit that on October 31, 2007 You entered into a Retail Purchase Agreement ("the Agreement") with Defendant EuroSport Cycles, Inc. ("EuroSport") for the purchase of a 2003 BMW K1200 LT Motorcycle ("the BMW").

**ANSWER:**

2.      Admit that on October 31, 2007 You entered into the Agreement with Defendant Don Murry ("Murry") for the purchase of the BMW.

**ANSWER:**

3. Admit that Capital One is not a party to the Agreement for the purchase of the BMW.

**ANSWER:**

4. Admit that Capital One did not breach the Agreement.

**ANSWER:**

5.      Admit that Capital One did not breach any warranty for the BMW.

**ANSWER:**

6.      Admit that Capital One did not violate any provisions of the Uniform

Commercial Code.

**ANSWER:**

7.    Admit that EuroSport and/or Murray did not tender the BMW.

**ANSWER:**

8.    Admit that Capital One did not ever have possession of the BMW.

**ANSWER:**

9.      Admit that Capital One did not have any control over whether EuroSport or Murray tendered the BMW to You.

**ANSWER:**

10.     Admit that Capital One made no misrepresentations regarding the BMW purchase.

**ANSWER:**

11.     Admit that Capital One did not induce You into purchasing the BMW.

**ANSWER:**

12.     Admit that Capital One did not convert the BMW.

**ANSWER:**

13.     Admit that Capital One is not liable for conversion.

**ANSWER:**

14.     Admit that Capital One did not violate the Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201-1, et seq.

**ANSWER:**

15.     Admit that Capital One did not violate the Automotive Industry Trade Practice Rules and Regulations, 73 P.S. § 201-3.1.

**ANSWER:**

16.    Admit You used the extension of credit You received from Capital One for the purchase of the BMW.

**ANSWER:**

17.    Admit the extension of credit You received from Capital One was not for purchasing Your principal dwelling.

**ANSWER:**

18.     Admit the Credit Transaction with Capital One was not the type in which a security interest was retained or acquired in Your principal dwelling.

**ANSWER:**

19.     Admit the letter You received from Capital One on November 9, 2007 contained a reference that the disclosures pursuant to TILA were on the back of the letter.

**ANSWER:**

20.     Admit the back of the letter You received from Capital One on November 9, 2007 contained the required disclosures pursuant to TILA.

**ANSWER:**

21.     Admit that Capital One disclosed the amount financed associated with its Credit Transaction with You for the purchase of the BMW.

**ANSWER:**

22.    Admit that Capital One disclosed the finance charge associated with its Credit Transaction with You for the purchase of the BMW.

**ANSWER:**

23.    Admit that Capital One disclosed the annual percentage rate associated with its Credit Transaction with You for the purchase of the BMW.

**ANSWER:**

24.    Admit that Capital One provided You a copy of the form disclosure pursuant to TILA.

**ANSWER:**

**Interrogatories**

1.     For each request to admit that you denied, explain the basis for each

denial.

**ANSWER:**

2.     Identify and describe all facts and provide all documents in support of

Your allegation that the auto loan is subject to a right of rescission as described by 15

U.S.C. § 1635 and 12 C.F.R. § 226.23.

**ANSWER:**

3.      Identify and describe all facts and provide all documents in support of Your allegation that You did not receive the disclosures required by TILA, 15 U.S.C. § 1601, et seq., and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq.

**ANSWER:**

.

4.      Identify and describe all facts and provide all documents in support of Your allegation that Capital One failed to deliver all "material" disclosures required by TILA and Regulation Z, including but not limited to:

(a)    Failing to properly and accurately disclose the "amount financed," described in and in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A);

(b)    Failing to clearly and accurately disclose the "finance charge," described in and in violation of Regulation Z § 226.4 and 15 U.S.C. § 1638(a)(3);

(c)    Failing to clearly and accurately disclose the "annual percentage rate," described in and in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4);

(d)    Failing to comply with the Special disclosure requirements of Regulation Z § 226.32; and

(e) Failing to timely provide each Plaintiff with (2) copies of a Notice of his/her Rights to Rescind the Transaction and/or one (1) copy of each of the form Disclosure pursuant to TILA.

**ANSWER:**

5.     Identify and describe all facts and provide all documents in support of Your allegation that You have an ongoing right to rescind the transaction.

**ANSWER:**

6.      Identify and describe all facts regarding EuroSport's refusal to tender the

BMW.

**ANSWER:**

7.      Identify and describe all facts regarding Your demands that EuroSport

tender the BMW.

**ANSWER:**

8.      Identify and describe all facts regarding EuroSport's statement that it would take 4-6 weeks to tender the BMW.

**ANSWER:**

9.      Identify and describe all facts supporting Your claim that Capital One caused You loss of credit-worthiness.

**ANSWER:**

10.   Identify and describe all facts supporting Your claim that Capital One made fraudulent misrepresentations to You.

**ANSWER:**

11.   Identify and describe all facts supporting Your claim that Capital One conducted itself in a manner constituting "unfair and deceptive practices" within the meaning of the UTPCPL.

**ANSWER:**

12.     Identify and describe all facts supporting Your claim that Capital One breached its contract with You for the loan transaction.

**ANSWER:**

13.     Identify and describe all facts and provide all documents in support of Your claim for statutory and actual damages.

**ANSWER:**

## Document Requests

1.      Provide copies of any and all Documents identified in Your response or answer to the above Interrogatories.

2.      Provide any and all Documents in Your possession and/or subject to Your control which in any way Refer to or Relate to the matters in question in the above entitled action.

3.      Provide a copy of the Agreement You entered into with Defendants EuroSport and/or Murry for the purchase of the BMW.

4.      Provide a copy of any written statements You received from Defendants EuroSport and/or Murry regarding the purchase of the BMW.

5.      Provides a copy of any written statements You made to EuroSport and/or Murry regarding the purchase of the BMW.

6.      Provide a copy of all documents regarding Your purchase of the BMW from EuroSport.

7.      Provide a copy of all documents provided to you by Credit One in association with the Credit Transaction.

8.      Provide a copy of all documents You provided to Credit One in association with the Credit Transaction.

9.      Provide a copy of any Notice of Rescission You provided to Capital One pursuant to TILA, 15 U.S.C. § 1601, et seq.

10.    Provide a copy of all documents that relate in any way to, or that You

intend to rely and to show or establish any amount of damages You seek in this lawsuit.


McNEES WALLACE & NURICK LLC

Dated: October 9, 2008               By/s/ Devin Chwastyk
                                     Devin Chwastyk
                                     Pennsylvania Bar No. 91852
                                     100 Pine Street
                                     P.O. Box 1166
                                     Harrisburg, PA  17108-1166
                                     (717) 232-8000
                                     (717) 237-5300 (fax)

                                     QUARLES & BRADY LLP
                                     Valerie l. Bailey-Rihn
                                     Wisconsin State Bar No. 1000728
                                     Jaime l. Hochhausen
                                     Wisconsin State Bar No. 1061366
                                     33 East Main Street
                                     Suite 900
                                     Madison, WI  53703

                                     Attorneys for Defendant
                                     Capital One Auto Finance, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of October, 2008, a true and

correct copy of the foregoing document was served by first-class U.S. mail, postage

prepaid, upon the following by the manner indicated:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Ave.
Morton, PA 19070
Counsel for Plaintiff

EuroSport Cycles, Inc.
275 Lincoln Avenue
Middlesex, NJ  08846

Don Murray d/b/a EuroSport Cycles, Inc.
1900 East Ninth Street
Cleveland, OH  44114


By /s/ Devin Chwastyk
Devin Chwastyk
Counsel for Defendant

10.     Provide a copy of all documents that relate in any way to, or that You

intend to rely and to show or establish any amount of damages You seek in this lawsuit.


McNEES WALLACE & NURICK LLC

Dated: October 9, 2008                By_____
                                      Devin Chwastyk
                                      Pennsylvania Bar No. 91852
                                      100 Pine Street
                                      P.O. Box 1166
                                      Harrisburg, PA  17108-1166
                                      (717) 232-8000
                                      (717) 237-5300 (fax)

                                      QUARLES & BRADY LLP
                                      Valerie l. Bailey-Rihn
                                      Wisconsin State Bar No. 1000728
                                      Jaime l. Hochhausen
                                      Wisconsin State Bar No. 1061366
                                      33 East Main Street
                                      Suite 900
                                      Madison, WI  53703

                                      Attorneys for Defendant
                                      Capital One Auto Finance, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of October, 2008, a true and correct copy of the foregoing document was served by first-class U.S. mail, postage prepaid, upon the following by the manner indicated:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Ave.
Morton, PA 19070
Counsel for Plaintiff

EuroSport Cycles, Inc.
275 Lincoln Avenue
Middlesex, NJ  08846

Don Murray d/b/a EuroSport Cycles, Inc.
1900 East Ninth Street
Cleveland, OH  44114

By
Devin Chwastyk
Counsel for Defendant