IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSIAH KUENZI,** : | NO. 08-3906 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **CAPITAL ONE AUTO FINANCE,** : | |
| **INC., et al.** : | |
| Defendant. : | |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**SECOND MOTION FOR SUMMARY JUDGMENT**

Defendant Capital One Auto Finance, Inc. ("Capital One") files this Brief in support of its Second Motion For Summary Judgment.

## II. Procedural History

Plaintiff Josiah Kuenzi ("Kuenzi") commenced this action by filing a complaint on August 18, 2008 against Defendants EuroSport Cycles, Inc. and Don Murray d/b/a EuroSport Cycles, Inc. (the "Dealership Defendants") and Capital One Auto Finance, Inc. ("Capital One").  The Complaint alleged causes of action for, *inter alia*, (Count III) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and, (Count IV) violations of the Truth In Lending Act, 15 U.S.C. §1601, *et seq.* ("TILA").

On September 25, 2008, Capital One answered the Complaint.  On November 4, 2008, the Court entered default judgment against Defendant Eurosport Cycles, Inc.  On December 16, 2008, the Court entered default judgment against Defendant Don Murray.

On March 16, 2009, Capital One filed its first Motion for Summary Judgment. The Court granted that Motion on June 30, 2009, as to all but two counts of Kuenzi's Complaint.  Without prejudice, the Court denied Capital One's Motion as to Kuenzi's

claim pursuant to TILA (Count VII) and his derivative claim that the alleged TILA violation also violated Pennsylvania's UTPCPL (Count III). (Doc. 27). The Court identified the remaining factual issue in dispute as whether "Capital One violated the TILA by providing disclosure statements after Kuenzi had consummated his loan." (Doc. 26 at pp. 13-14).

On August 11, 2010, Capital One filed a Motion To Amend Answer To Add Counterclaim, seeking to add a counterclaim against Kuenzi for the amount remaining due on the loan. (Doc. 36). That Motion remains pending before the Court.[1]

This Brief is filed in support of Capital One's Second Motion For Summary Judgment, filed concurrently with this Brief.

## II.   Statement Of Facts

Capital One incorporates by reference its Statement Of Facts In Support Of Summary Judgment ("SOF"), filed concurrently with this Brief.

---

[1] Capital One believes that there are no facts in dispute with regard to its proposed Counterclaim against Kuenzi for the remaining balance due on the loan, and therefore reserves the right to amend this Motion to seek summary judgment on its Counterclaim should the Court permit that claim to proceed.

## II.   Statement Of Questions Involved

A.   **Is Capital One Is Entitled To Summary Judgment As Kuenzi's Remaining Claims Because Kuenzi Acknowledged Receiving Capital One's TILA Disclosures Before Purchasing The Motorcycle?**

   Suggested answer:  **Yes.**

B.   **Is Capital One Entitled To Summary Judgment On Kuenzi's Claim For Rescission Because TILA Does Not Allow For Rescission Of Vehicle Loans Not Secured By A Mortgage On The Borrower's Residence?**

   Suggested answer:  **Yes.**

C.   **Is Capital One Entitled To Summary Judgment On Kuenzi's Claim For Any Actual Damages Or For Statutory Damages In Excess Of $1,000.00?**

   Suggested answer:  **Yes.**

## III.   Argument

### Standard Of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, (1986); <u>Salley v. Circuit City Stores</u>, 160 F.3d 977, 980 (3d Cir. 1998).

In determining whether an issue of material fact exists, the Court should consider all evidence in a light most favorable to the non-moving party.  <u>White v. Westinghouse Elec. Co.</u>, 862 F.2d 56, 59 (3d Cir. 1988).  "Summary judgment should be granted where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial."

<u>Members First Fed. Credit Union v. Members 1st Fed. Credit Union</u>, 54 F. Supp.2d 393, 399 (M.D. Pa. 1999).

> A. **Capital One Is Entitled To Summary Judgment As To Counts III And VII Of The Complaint Because Kuenzi Acknowledged Receiving Capital One's TILA Disclosures Before Purchasing The Motorcycle.**

Kuenzi alleges in Count VII that Capital One violated the Truth-In-Lending Act by failing to make required material disclosures, and alleges in Count III a derivative violation of the UTPCPL.

Kuenzi testified that he used Capital One's website to apply for Capital One's "Blank Check" used motorcycle loan between October 31, 2007 and November 4, 2007. SOF at ¶7.

In response to his application, Capital One sent Kuenzi the Blank Check for purchase of the motorcycle, which Kuenzi received on November 3 or 4, 2007. <u>Id.</u> at ¶8.

Kuenzi testified that he received no TILA disclosures when he received the Blank Check, but rather that the Blank Check arrived unaccompanied in an envelope. <u>Id.</u> at ¶9. Kuenzi did not retain a copy of the check or the envelope in which it allegedly arrived. <u>Id.</u> at ¶10.

Capital One does not send its customers Blank Checks in empty envelopes, unaccompanied by TILA disclosures. To the contrary, Capital One processes approved loan requests by sending the Blank Check as part of a packet of documents entitled "Blank Check Owner's Manual," which includes TILA disclosures along with other instructions. <u>See</u> SOF at ¶11.

Kuenzi purchased the motorcycle using the Blank Check on November 4, 2009. SOF at ¶12. The documents produced by Kuenzi in this litigation include the executed Blank Check. See Exhibit to Kuenzi's Response to Capital One's First Motion For Summary Judgment (Doc. 25-1) at p. 2.

At the time of purchase, Kuenzi executed the Blank Check, which contains on its front the following acknowledgment:

> NOTE: By signing and negotiating this check, you become bound by and acknowledge receipt of the Note and Security Agreement delivered to you by Capital One Auto Finance, Inc., and the Truth In Lending disclosure that corresponds to the Model Year of the vehicle purchased and bearing the above check number.

Id.

While TILA includes disclosure requirements, TILA also creates a rebuttable presumption that disclosure occurred where there is "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom such information, forms, and a statement is required to be given." 15 U.S.C. § 1635(c).

Kuenzi's execution of the check, which contained a disclosure acknowledgment, creates a presumption that Kuenzi did, in fact, receive the TILA disclosures. See Oscar v. Bank One, N.A., Civ.A.No. 05-5928, 2006 WL 401853, *3 (E.D.Pa. Feb. 17, 2006); Strang v. Wells Fargo, Civ.A.No. 04-2865, 2005 WL 1655886, *3 (E.D.Pa. July 13, 2005).[2]

---

[2] See also McCarthy v. Option One Mortgage Corp., 362 F.3d 1008, 1011 (7th Cir. 2004); Gaona v. Town & Country Credit, 324 F.3d 1050, 1054 (8th Cir.2003); Sewell v. Option One Mortg. Corp., Civ.A.No. 07-0401, 2007 WL 4355393, *1 (E.D.Pa. Dec. 12, 2007); Davis v. Deutsche Bank Nat. Trust Co., Civ.A.No. 05-CV-4061, 2007 WL 3342398, *3 (E.D.Pa. Nov. 8, 2007).

Kuenzi attempts to maintain a disputed issue of material fact by claiming baldly that he received only the Blank Check in a plain envelope, without any of the accompanying disclosures.  SOF at ¶9-10.  Kuenzi's disavowal of receipt, however, is not sufficient to rebut the presumption of disclosure created by his signed TILA disclosure acknowledgment.  See Oscar, 2006 WL 401853 at *3; Strang, 2005 WL 1655886 at *3  (finding that borrowers' testimony that they did not receive TILA disclosures is not sufficient to rebut the presumption that the disclosures were received where the borrowers had signed a written acknowledgment of receipt of those disclosures).

Further, "evidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this Court has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt."  The affidavit provided by Capital One's Adams Yerger establishes that, as a matter of course, Capital One automatically mails Blank Checks to applicants as part of the multi-page "Blank Check Owner's Manual," which includes the applicable TILA disclosures.  SOF at ¶11.  Further, Yerger states that Capital One does not send Blank Checks without those disclosures, or in plain envelopes.  Id.  Finally, the Blank Check Owner's Manual that Capital One contends it delivered to Kuenzi along with the Blank Check includes Truth-In-Lending disclosures that bear the same check number (#4910305) as the Blank Check that Kuenzi wrote to the Dealership Defendants.  SOF at ¶14.  These facts further support the legal presumption of delivery created by Kuenzi's execution of the TILA acknowledgment contained on the Blank Check.

Because Kuenzi acknowledged receiving the TILA disclosures, and his mere disavowal of receipt is insufficient to overcome that presumption, Capital One is entitled to summary judgment as to the TILA claim in Count VII of the Complaint.  See (Doc. 26) at p. 12.  Further, because Kuenzi's remaining UTPCPL claim is wholly derivative of the TILA claim, see (Doc. 26) at p. 10, Capital One is also entitled to summary judgment as to Count III of the Complaint.

    **B.**    **Capital One Is Entitled To Summary Judgment On Kuenzi's Claim For Rescission Because TILA Does Not Allow For Rescission Of Vehicle Loans Not Secured By The Borrower's Permanent Residence.**

In the *ad damnum* clause of his Complaint, Kuenzi seeks relief against Capital One, including rescission of the loan.  Complaint (Doc. 1) at p. 8.

The Truth-In-Lending Act addresses the right of rescission in consumer credit transactions as follows:

> [I]n the case of any consumer credit transaction . . . *in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended*, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. §1635(a).

Therefore, the right to rescind a consumer credit transaction arises under TILA only where "a consumer credit transaction results in a creditor acquiring a security interest in the obligor's home."  Aquino v. Public Finance Consumer Discount Company, 606 F.Supp. 504, 507 (E.D.Pa. 1985) (recognizing right to rescind used car purchase where "loan was secured by a mortgage on [plaintiff's] home").  TILA does not create a

right to rescind a loan for purchase of a used vehicle where no security interest in the borrower's home has been created.[3]

Kuenzi does not, and cannot, allege that Capital One's Blank Check loan created any mortgage or other security interest in Kuenzi's home.  Kuenzi therefore has no right under TILA to rescind the loan transaction with Capital One.  Capital One is therefore entitled to summary judgment as to Kuenzi's claim for rescission.

### C. Capital One Is Entitled To Summary Judgment On Kuenzi's Claim For Actual Damages, And Kuenzi's Claim For Statutory Damages Is Capped At $1,000.00.

In addition to the claim for rescission, Kuenzi's Complaint seeks "actual damages," "treble damages," and "punitive damages."  Even if Kuenzi's claim were to survive, he cannot assert any grounds for actual or punitive damages.  In fact, Kuenzi's claim under TILA is statutorily limited to $1,000.00.

A successful TILA plaintiff is entitled to recover:

> (1)        any actual damage sustained by such person as a result of the failure [to comply with TILA];
>
> (2)(A)(i)  in the case of an individual action twice the amount of any finance charge in connection with the transaction ... except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000 ....; [and]

---

[3] See Porter v. Mid-Penn Consumer Discount Co., 961 F.2d 1066, 1073 (3d Cir. 1992) ("TILA generally permits a consumer borrower to rescind a loan transaction that results in the creditor taking a security interest in the borrower's principal dwelling."); Keenan v. Huntington Acceptance Co., 633 N.E.2d 1164, 1173 (Ohio App. 1993) (no right to rescind purchase of motor vehicle); Peoples National Bank of Liberal v. Molz, 718 P.2d 306, 308 (Kan. 1986) (bank loan for purchase of motor home was not subject to TILA, where security interest created was in automobile and two motorcycles, not in principal dwelling of borrower); Dee Pridgen and Richard M. Alderman, Consumer Credit and the Law § 14:18 (September 2009) ("A security interest in personal property . . . does not trigger the right to rescind or void the security interest, even if there are TILA disclosure violations).  Cf. Antanuos v. First Nat. Bank of Ariz., 508 F.Supp.2d 466, 471-72 (E.D.Va. 2007) (no TILA right to rescind, even where notice of right of rescission was provided by lender, if loan is not secured by primary residence).

8

> (3) in the case of any successful action to enforce the foregoing liability ... the costs of the action, together with a reasonable attorney's fee as determined by the court....

15 U.S.C. § 1640(a). See also Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 62-63 (2004) (discussing application of $1,000 statutory cap).

Kuenzi's deposition testimony establishes that he is not entitled to any actual damages. Kuenzi testified that the only financial injury that he suffered as a result of the failed purchase of the motorcycle was that he was liable to Capital One for the amount of the loan. SOF at ¶20. Except where TILA provides for rescission (inapplicable here, see section B, *infra*), however, TILA "do[es] not affect the validity or enforceability of any contract or obligation." 15 U.S.C.A. §1610(d). Kuenzi remains liable to Capital One for the amount of the loan. See In re Hill, 103 B.R. 121, 122-123 (Bkrtcy.N.D.Miss. 1989) ("even if a Truth-In-Lending disclosure violation occurred, the underlying promissory note and security agreement remain valid."). Other than the amount that he paid on the loan (and the amount remaining owing), Kuenzi was unable to articulate actual damages flowing from Capital One's alleged TILA disclosure violation. SOF at ¶¶20-22. See also Vallies v. Sky Bank, 591 F.3d 152, 164 (3d Cir. 2009) (a showing of detrimental reliance is required to recover actual damages for a TILA disclosure violation).

Kuenzi's recovery, therefore, is limited to statutory damages under TILA, 15 U.S.C. § 1640(a). In turn, those statutory damages are capped at "twice the amount of any finance charge in connection with the transaction," "except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000." Id. Even if Capital One is not granted summary judgment on Kuenzi's remaining claims, the Court

should grant partial summary judgment capping Kuenzi's total damages in this case at no more than $1,000.00.

## IV.  Conclusion

For the reasons set forth above, summary judgment should be granted in favor of Defendant Capital One Auto Finance, Inc., and against Plaintiff Josiah Kuenzi.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By  /s/ Devin Chwastyk
   Devin Chwastyk
   Pa. Bar I.D. No. 91852
   100 Pine Street
   P.O. Box 1166
   Harrisburg, PA  17108-1166
   (717) 232-8000
   (717) 237-5300 (fax)

QUARLES & BRADY LLP
Valerie l. Bailey-Rihn
Wisconsin State Bar No. 1000728
Jaime l. Hochhausen
Wisconsin State Bar No. 1061366
33 East Main Street
Suite 900
Madison, WI  53703

September 24, 2010          Attorneys for Defendant Capital One Auto Finance, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day, a true and correct copy of the foregoing document was served by the Court's electronic filing system upon the following:

> Matthew B. Weisberg, Esq.
> Prochniak & Weisberg P.C.
> 7 S. Morton Ave.
> Morton, PA 19070
> Counsel for Plaintiff

September 24, 2010                    By/s/ Devin Chwastyk
                                      Devin Chwastyk
                                      Counsel for Defendant