## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSIAH KUENZI,** | : | **NO. 08-3906** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CAPITAL ONE AUTO FINANCE,** | : | |
| **INC., et al.** | : | |
| **Defendant.** | : | |

### DEFENDANT CAPITAL ONE AUTO FINANCE'S ANSWER
### TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF
### TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

Defendant Capital One Auto Finance, Inc. ("Capital One"), by and through its undersigned counsel, opposes Plaintiff Josiah Kuenzi's ("Kuenzi") Motion For Enlargement Of Time To Respond To Capital One's Motion For Summary Judgment, and in support thereof states the following:

1.      On September 24, 2010, Capital One filed a second Motion For Summary Judgment, with supporting brief.

2.      Pursuant to Local Rule 7.1, Kuenzi's brief in opposition to that Motion was due within 21 days, on or before October 15, 2010.

3.      On October 15, 2010, Kuenzi filed his Motion For Enlargement Of Time, requesting an additional 21 days to respond to the summary judgment motion.

4.      Kuenzi's counsel did not contact Capital One's counsel to seek concurrence in that Motion, or to discuss an extension of the briefing schedule.

4.      Kuenzi's asserted "good cause" for the extension of time is the "legal intricacies as well as complexities surround [sic] the Truth-In-Lending Act's application to purchase money non-premises loans."

5.      Kuenzi filed his Complaint, asserting the claim for violation of the Truth-In-Lending Act in August 2008.

6.      Before filing the Complaint more than two years ago, Kuenzi's counsel was required by Rule 11 to make a reasonable inquiry into the claims presented by the Complaint.

7.      Kuenzi's Truth-In-Lending Act claim has already been the subject of Capital One's first summary judgment motion, fully briefed by the parties in 2009.

8.      Kuenzi's counsel should therefore already be familiar with the legal basis for the claims he pled on behalf of his client.

9.      Regardless, good cause for an extension of time pursuant to Fed.R.Civ.P. 6  to respond to a summary judgment is not shown where the party has had "ample time in discovery to assemble evidence in support of its claims," and the issues "do not appear to rise to any extraordinary level of complexity."  Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005).

8.      Kuenzi has repeatedly acted to delay the progress of this litigation, including, most recently, his October 6, 2010 Motion To Stay the proceedings.

9.      Kuenzi filed his Motion To Stay five days after his Pretrial Memorandum and Points For Charge were due pursuant to the Court's April 27, 2010 Scheduling Order.

10.     This case is scheduled for the November 1, 2010 trial pool.

11.     Kuenzi's dilatory tactics have delayed the efficient administration of justice in this case.

WHEREFORE, Defendant Capital One Auto Finance Inc. requests that Plaintiff Josiah Kuenzi's ("Kuenzi") Motion For Enlargement Of Time To Respond To Capital One's Motion For Summary Judgment be denied, or, in the alternative, that any extension granted by significantly shorter than 21 days.

McNEES WALLACE & NURICK LLC


By /s/ Devin Chwastyk_____
    Devin Chwastyk
    I.D. No. 91852
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    (717) 232-8000

    Attorneys for Defendant Capital One
Dated:  October 22, 2010          Auto Finance, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 22th day of October, 2010, a true

and correct copy of the foregoing document was served upon the following by the

Court's electronic filing system:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Avenue
Morton, PA 19070
Counsel for Plaintiff


By ____/s/ Devin Chwastyk_____
Devin Chwastyk
Counsel for Defendant