**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSIAH KUENZI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EUROSPORT CYCLES, INC., DON | : | |
| MURRAY, CAPITAL ONE AUTO | : | NO. 08-3906 |
| FINANCE, INC. and JOHN DOES 1-10 | : | |

## <u>ORDER</u>

AND NOW this _____ day of _____, 2010, upon consideration

of Defendant, Capital One's Second Motion for Summary Judgment, and Plaintiff's response in

opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Thomas N. O'Neill, Jr.              ,J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSIAH KUENZI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EUROSPORT CYCLES, INC., DON | : | |
| MURRAY, CAPITAL ONE AUTO | : | NO. 08-3906 |
| FINANCE, INC. and JOHN DOES 1-10 | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, CAPITAL ONE'S
SECOND MOTION FOR SUMMARY JUDGMENT**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff requests

this Honorable Court deny Defendant, Capital One's Second Motion for Summary Judgment.

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Capital One's

Second Motion for Summary Judgment.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSIAH KUENZI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EUROSPORT CYCLES, INC., DON | : | |
| MURRAY, CAPITAL ONE AUTO | : | NO. 08-3906 |
| FINANCE, INC. and JOHN DOES 1-10 | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT, CAPITAL ONE'S STATEMENT OF**
**FACTS IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT**

1.      Denied as stated.  While it is admitted, only, that Plaintiff's Complaint alleges Plaintiff's

attempted purchase of the motorcycle as background, Plaintiff's pertinent averments against

Movant-Defendant, Capital One, arise from the improper "sequencing" of the Truth-in-Lending

disclosures ("TIL") evidencing Capital One's violation of the Truth-In-Lending Act ("TILA"),

making Capital One individually, jointly and severally liable with Co-defendants.  (Docket Nos.

1 [Complaint], 26 & 27 [this Honorable Court's Opinion and Order denying Capital One's First

Motion for Summary Judgment]).

2.      Admitted as stated.

3-10.  Admitted.

11.      *Denied.  See, Capital One's above paragraph 9.*

12.      Admitted.

13.      Admitted as stated.

14.      *Denied. See,* attached Memorandum of Law.

15-16.  Admitted.

17-19.  Objection.  Relevance.  By way of further answer, Plaintiff's payments under the loan are

not at issue in Plaintiff's Complaint; on the contrary, Defendant's Motion to Amend to add a

counterclaim regarding those payments has not been adjudicated (likewise, until adjudication

granting that amendment, payment history is irrelevant).

20.     Admitted in part; denied in part.  It is admitted that Plaintiff suffered financial injury as a

result of being liable to Capital One for a loan *on a motorcycle he never received*.

21-22.  Admitted.

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS REQUIRING THE DENIAL OF SUMMARY JUDGMENT

1.     As admitted by Defendant (*see*, Defendant's Statement of Material Facts, ¶9) Plaintiff

testified that he received no TILA disclosures when he received the blank check.

2.     In creating an issue of fact, Capital One's affiant, Yerger, declares TILA disclosures

accompanying the blank check.  *See*, Defendant's Statement, ¶11.

3.     The aforesaid creates an issue of fact requiring the denial of summary judgment.


                                        WEISBERG LAW, P.C.


                                        /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSIAH KUENZI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EUROSPORT CYCLES, INC., DON | : | |
| MURRAY, CAPITAL ONE AUTO | : | NO. 08-3906 |
| FINANCE, INC. and JOHN DOES 1-10 | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN**
**OPPOSITION TO DEFENDANT, CAPITAL ONE'S SECOND MOTION FOR**
**SUMMARY JUDGMENT**

**I.     Introduction**

Having entered its Opinion and Order upon Movant, Capital One's First Motion for

Summary Judgment, this Honorable Court is aware of the instant operative facts giving rise to

Plaintiff's action.

Other than this Honorable Court's Order vis-à-vis its above Opinion, the operative

procedural posture does not otherwise affect this Court's adjudication of Defendant's instant

Second Motion for Summary Judgment.

Plaintiff incorporates by reference his attached Response to Defendant's Statement of

Material Facts as well as Plaintiff's Statement of Material Facts.

Plaintiff concedes withdrawal of his claim for rescission under the Truth-in-Landing Act.

Plaintiff limits his damages claims to TILA's violation's statutory cap ($1,000.00), plus

TILA's entitlement to attorney's fees and costs.

Movant recites the appropriate F.R.C.P. 56 standard, but then ignores it:

**II.     Argument**

In attempting to **un**contradict the contradicted material facts (i.e., Plaintiff's testimony

that he did not receive the Truth-in-Lending disclosure ["TIL"] contemporaneous with the blank

check), Capital One creates a false legal conclusion: that there exists a rebuttable *presumption*

that the TIL was received by the form acknowledgment thereon the blank check which

Defendant contends *cannot be rebut* by Plaintiff's contrary testimony.  If this Honorable Court

were to accept Capital One's mis-statement, it would, respectfully, be converting a rebuttable

presumption into an irrebuttable presumption.

That form acknowledgment creates a *rebuttable* presumption only.  15 U.S.C. § 1635(c).

Rebuttal is governed by a low burden.  Cooper v. First Government Mortgage and Investors

Corp., 238 F.Supp.2d 50, 54 (D.D.C. 2002).

Simply, Plaintiff testified that he did not receive the accompanying TIL.  This creates an

issue of fact as to whether there was a Truth-in-Landing Act ("TILA") violation.

But, there is more:

The acknowledgment references: "… the [TIL] that corresponds to the model year of the

vehicle purchased and bearing the above check number."  This acknowledgment must reference

the TIL (previously found by this Honorable Court as) subsequently following the loan

transaction, as the model year and vehicle purchased would not have been known by Capital One

at the time of issuance of its claimed disclosure − Defendant's Motion does not discuss this

discrepancy.

In this Honorable Court's Opinion, the Court found that Plaintiff asserts that Plaintiff

tendered the blank check on November 4, 2007, and that Defendant, EuroSport, processed the

check on November 6, 2007.  Thereafter, the Court found that Capital One sent its TIL regarding

the motorcycle financing to Plaintiff dated November 9, 2007.

In its Motion, Defendant suggests Plaintiff's contrary testimony (that he did not receive

the TIL contemporaneous with the blank check) not credible as the Yerger affidavit declares

Capital One "automatically mails blank checks to applicants as part of the multi-page 'Blank Check Owner's Manual,' which includes the applicable TILA disclosures." In support, Movant contends the Blank Check Owner's Manual includes disclosures "that they are the same check number (# 4910305) as the blank check that Kuenzi wrote to the dealership Defendants."

Defendant's affidavit and Motion's assertions contradict this Honorable Court's prior findings regarding the sequencing of the disclosures.

Notwithstanding, the check number (# 4910305) identified within the blank check owner's manual is, in fact, a sample (i.e., voided) check, not the check negotiated. In fact, the November 9, 2007 acknowledging correspondence from Capital One notes an account number: 88170121001, which account number is also referenced in the January 24, 2008 Capital One correspondence (approving Plaintiff's request for a due date change). This account number is not referenced within the Blank Check Owner's Manual. The disclosures within that manual bear a reference number: 0372301, which is not cross-referenced; the aforesaid voided check number likewise is not referenced in the aforesaid confirming correspondences.

Thus, it would appear, contrary to Defendant's affiant, that the Blank Check Owner's Manual accompanied its <u>post-closing</u> November 9, 2007 correspondence, which is consistent with Plaintiff's testimony (that the blank check was received without disclosures) and this Court's prior findings.

In any event, Defendant has not produced the subject negotiated check which would be solely in its possession in support of its affidavit's and Motion's unfounded factual conclusions.

Simply, there exists an issue of fact as to whether, as this Honorable Court has already held, the TILA disclosures post-dated the loan's negotiation.

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Capital One's

Second Motion for Summary Judgment.


WEISBERG LAW, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSIAH KUENZI                  :       CIVIL ACTION
                                    :
        v.                    :
                                      :
EUROSPORT CYCLES, INC., DON     :
MURRAY, CAPITAL ONE AUTO       :       NO. 08-3906
FINANCE, INC. and JOHN DOES 1-10   :

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 16th day of November, 2010,

a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant, Capital

One's Second Motion for Summary Judgment and Memorandum of Law in support thereof was

served via ECF upon the following parties:

Devin J. Chwastyk, Esq.
McNess Wallace & Nurick, LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA 17108-1166

                                  WEISBERG LAW, P.C.


                                  /s/ Matthew B. Weisberg
                                  Matthew B. Weisberg, Esquire
                                  Attorney for Plaintiff