IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSIAH KUENZI, | : | NO. 08-3906 |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| CAPITAL ONE AUTO FINANCE, | : | |
| INC., et al. | : | |
|         Defendant. | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIMS**

Defendant Capital One Auto Finance, Inc. ("Capital One") files this Brief in support of its Motion For Summary Judgment On Its Counterclaims.

## II. Procedural History

Plaintiff Josiah Kuenzi ("Kuenzi") commenced this action by filing a complaint on August 18, 2008 against Defendants EuroSport Cycles, Inc. and Don Murray d/b/a EuroSport Cycles, Inc. (the "Dealership Defendants") and Capital One Auto Finance, Inc. ("Capital One"). The Complaint alleged causes of action for, *inter alia*, (Count III) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and, (Count IV) violations of the Truth In Lending Act, 15 U.S.C. §1601, *et seq.* ("TILA").

On September 25, 2008, Capital One answered the Complaint. On November 4, 2008, the Court entered default judgment against Defendant Eurosport Cycles, Inc. On December 16, 2008, the Court entered default judgment against Defendant Don Murray.

On March 16, 2009, Capital One filed its first Motion for Summary Judgment. The Court granted that Motion on June 30, 2009, as to all but two counts of Kuenzi's Complaint. Without prejudice, the Court denied Capital One's Motion as to Kuenzi's

1

claim pursuant to TILA (Count VII) and his derivative claim that the alleged TILA violation also violated Pennsylvania's UTPCPL (Count III). (Doc. 27). The Court identified the remaining factual issue in dispute as whether "Capital One violated the TILA by providing disclosure statements after Kuenzi had consummated his loan." (Doc. 26 at pp. 13-14).

On August 11, 2010, Capital One filed a Motion To Amend Answer To Add Counterclaim, seeking to add a counterclaim against Kuenzi for the amount remaining due on the loan. (Doc. 36). The Court granted that motion, and Capital One filed an amended Answer, Affirmative Defenses and Counterclaims ("Answer with Counterclaims") on November 30, 2010. (Docs. 36, exh. 1; 54). Kuenzi filed an Answer to the Counterclaim with Affirmative Defenses ("Kuenzi's Answer to Counterclaims") on December 21, 2010. (Doc. 56).

On September 24, 2010, Capital One filed a Second Motion for Summary Judgment on Kuenzi's remaining TILA claim. (Doc. 41). Kuenzi's responded to that Motion, which now remains pending before the Court.

Capital One now seeks summary judgment on its Counterclaim. This Brief is filed in support of Capital One's Motion For Summary Judgment On Its Counterclaim, filed concurrently with this Brief.

## II. Statement Of Facts

Kuenzi borrowed $7,500 from Capital One in the form of a "Blank Check®" motorcycle loan (the "Loan"). Answer with Counterclaims, ¶ 58; Kuenzi's Answer to Counterclaims, ¶ 58. The terms and conditions of the Loan are contained in the Blank Check® Owner's Manual (the "Loan Agreement"). Answer with Counterclaims, ¶ 59;

Answer with Counterclaims, Exhibit "A."  Kuenzi was provided a copy of the Owner's Manual and agreed to abide by it when he signed the Blank Check®.  Answer with Counterclaims, ¶ 59; Answer with Counterclaims, Exhibit "A."  Under the Loan Agreement, Kuenzi was obligated to make 30 monthly payments to Capital One.  Answer with Counterclaims, ¶ 60; Answer with Counterclaims, Exhibit "A."

Kuenzi made sixteen monthly installment payments on the Loan, the most recent of which he paid on March 9, 2009.  Answer with Counterclaims, ¶ 62; see Kuenzi's Answer to Counterclaims, ¶ 62; see Deposition of J. Kuenzi at pp. 21-22.  Kuenzi has since ceased making payments on the Loan.  Answer with Counterclaims, ¶ 63; Kuenzi's Answer to Counterclaims, ¶ 72; Deposition of J. Kuenzi at p. 25.  According to the terms of the lease, all payments on the Loan are now due and owing.  Answer with Counterclaims, ¶ 64; Answer with Counterclaims, Exhibit "A."  As of July 30, 2010, Kuenzi owed $3,700.11 in principal on the Loan.  Answer with Counterclaims, ¶ 65; See Deposition of J. Kuenzi at p. 22.  As of July 30, 2010, the payoff amount of the Loan, with interest, was $4,192.72.  Answer with Counterclaims, ¶ 66.  The per diem interest rate on the Loan is 1.13538 percent, and Kuenzi's payoff amount is growing daily as interest accrues.  Answer with Counterclaims, ¶ 67-68; Kuenzi's Answer to Counterclaims, ¶ 61.

## II. Statement Of Questions Involved

A. **Is Capital One Entitled To Summary Judgment As To Its Counterclaim for Breach Of The Loan Agreement Because Kuenzi Entered Into A Valid Contract With Capital One And Failed To Perform His Duty Under the Contract To Make Timely Monthly Payments?**

   Suggested answer: **Yes.**

B. **Is Capital One Entitled To Summary Judgment As To Its Counterclaim for Unjust Enrichment Because Kuenzi Received The Loan Proceeds But Has Failed To Repay The Full Balance And Interest To Capital One?**

   Suggested answer: **Yes.**

## III. Argument

### A. Standard Of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, (1986); <u>Salley v. Circuit City Stores</u>, 160 F.3d 977, 980 (3d Cir. 1998).

In determining whether an issue of material fact exists, the Court should consider all evidence in a light most favorable to the non-moving party. <u>White v. Westinghouse Elec. Co.</u>, 862 F.2d 56, 59 (3d Cir. 1988). "Summary judgment should be granted where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." <u>Members First Fed. Credit Union v. Members 1st Fed. Credit Union</u>, 54 F. Supp.2d 393, 399 (M.D. Pa. 1999).

**B.     Capital One Is Entitled To Summary Judgment As To Its Counterclaim for Breach Of The Loan Agreement Because Kuenzi Entered Into A Valid Contract With Capital One And Failed To Perform His Duty Under The Contract To Make Timely Monthly Payments.**

Under Pennsylvania law, the elements of a breach of contract claim are well established. Aircraft Guar. Corp. v. Strato-Lift, Inc., 103 F. Supp.2d 830, 835 (E.D. Pa. 2000). In order to maintain an action, the moving party must establish three elements: (1) the existence of a contract, including the essential terms; (2) a breach of duty imposed by the contract; and (3) damages. Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. 2000).

Kuenzi admitted that he breached the loan agreement in his deposition. The following excerpts clearly establish the elements of breach of contract:

> Q:   How did you plan to pay for the motorcycle?
>
> A:   With a loan.
>
> Q:   That was the loan from Capital One Auto Finance?
>
> A:   Correct.

Deposition of J. Kuenzi at p. 7-8, attached as Exhibit "A."

> Q:   So you said you went back there on November 4th and dropped off a check for the motorcycle; is that right?
>
> A:   Right.
>
> Q:   Was that check the blank check for the auto loan that you received from Capital One?
>
> A:   Right.

Id. at 10.

> Q:   Now, it's my understanding that you initially made some payments on the Capital One loan; is that right?

5

> A:   Correct.
>
> Q:   How long did you make payments for?
>
> A:   I don't recall. I would have to look it up, but I believe I paid around 4,000 of the loan until I stopped paying it.
>
> Q:   Okay.
>
> A:   I was usually paying more than the minimum because I was just hoping that it would come through but . . .
>
> Q:   Okay. But you still owe I guess approximately $3500.00?
>
> A:   Right.

Id. at 21-22.

> Q:   Do you have any plans to pay Capital One the $3500.00 that remains due on the loan?
>
> A:   No.

Id. at 25.

> Q:   But you acknowledge that you did owe the $4,000 that you paid?
>
> A:   Right.
>
> Q:   And you do owe—
>
> A:   Right, and I paid on it without having the motorcycle for how many—for like a year probably at least in good faith that I would eventually get it.

Id. at 29.

Kuenzi has admitted that a contract exists, that he had a duty to make payments, and that he failed to make a number of those payments. Furthermore, Kuenzi admitted that he has no intention to make those payments in the future. Because there is no genuine issue of material fact, and Capital One is clearly entitled to judgment as a

6

matter of law, this Court should grant Capital One's motion for summary judgment on its counterclaim for breach of the loan agreement.

      **B.    Capital One Is Entitled To Summary Judgment As To Its Counterclaim for Unjust Enrichment Because Kuenzi Received The Loan Proceeds But Has Failed To Repay The Full Balance And Interest To Capital One.**

Under Pennsylvania law, the elements of unjust enrichment are: (1) a benefit conferred on defendant by plaintiff; (2) appreciation of the benefit by defendant; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  <u>Sovereign Bank v. BJ's Wholesale Club, Inc.</u>, 533 F.3d 162, 180 (3rd Cir. 2008) (citations omitted); <u>Stoeckinger v. Presidential Financial Corp. of Delaware Valley</u>, 948 A.2d 828, 833 (Pa. Super. 2008).

Again, Kuenzi admitted the elements of unjust enrichment in his deposition.  The following excerpt establishes Capital One's unjust enrichment claim:

    Q:    But, in fact, you're up $3500.00 on that loan?  You took 7500 and paid 4,000 back?

    A:    Right.

    Q:    You have $3500.00 of Capital One's money that you haven't paid back.

    A:    Well, I don't have it.  Don has it but . . .

Deposition of J. Kuenzi at p. 27.

Kuenzi admitted that Capital One conferred a benefit on him in the form of the loan proceeds and that he appreciated that he was obliged to repay the loan proceeds plus interest.  It would be inequitable for Kuenzi to accept the loan proceeds and fail to repay them.  Because there is no genuine issue of material fact and Capital One is

clearly entitled to judgment as a matter of law, this Court should grant Capital One's motion for summary judgment on its counterclaim for unjust enrichment.

### IV.   Conclusion

For the reasons set forth above, summary judgment should be granted in favor of Defendant Capital One Auto Finance, Inc., and against Plaintiff Josiah Kuenzi on Capital One's Counterclaims in the amount of $4,192.72, plus interest at the contractual rate of 1.13538 percent, *per diem*, from July 30, 2010 through the date of payment of the judgment.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By   /s/ Devin Chwastyk
   Devin Chwastyk
   Pa. Bar I.D. No. 91852
   100 Pine Street
   P.O. Box 1166
   Harrisburg, PA  17108-1166
   (717) 232-8000
   (717) 237-5300 (fax)

QUARLES & BRADY LLP
Valerie l. Bailey-Rihn
Wisconsin State Bar No. 1000728
Jaime l. Hochhausen
Wisconsin State Bar No. 1061366
33 East Main Street
Suite 900
Madison, WI  53703

Attorneys for Defendant Capital One Auto Finance, Inc.

January 21, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, a true and correct copy of the foregoing document was served by the Court's electronic filing system upon the following:

>Matthew B. Weisberg, Esq.
>Prochniak & Weisberg P.C.
>7 S. Morton Ave.
>Morton, PA 19070
>Counsel for Plaintiff

January 21, 2011                                By /s/ Devin Chwastyk
                                            Devin Chwastyk
                                            Counsel for Defendant