IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSIAH KUENZI, | : | NO. 08-3906 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE AUTO FINANCE, INC., et al. | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT CAPITAL ONE AUTO FINANCE'S MOTION FOR EXTENSION OF TIME TO FILE OMNIBUS MOTION FOR SUMMARY JUDGMENT

Defendant Capital One Auto Finance, Inc. ("Capital One") hereby moves for an extension of time to file to file an omnibus summary judgment motion combining its previously-filed Second Motion For Summary Judgment on Plaintiff Josiah Kuenzi's ("Kuenzi") claims with its pending Motion For Summary Judgment On Counterclaims, and in support thereof states as follows[1]:

1.  Kuenzi commenced this action by filing a complaint on August 18, 2008 against, *inter alia,* Capital One, alleging claims related to a motorcycle loan that Capital One provided to Kuenzi.

2.  On March 16, 2009, Capital One filed its first Motion for Summary Judgment (Doc. 18).

3.  The Court granted that Motion on June 30, 2009, as to all but two counts of Kuenzi's Complaint (Doc. 26). Without prejudice, the Court denied Capital One's Motion as to Kuenzi's claim pursuant to the Truth-In-Lending Act ("TILA") (Count VII) and his derivative claim that the alleged TILA violation also violated Pennsylvania's

---

[1] Capital One's undersigned counsel has filed with this Motion an Affidavit establishing the relevant facts as a matter of record.

1

Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III).  (Doc. 27).

4. The parties have since conducted and completed discovery on this matter.

5. On August 11, 2010, Capital One filed a Motion To Amend Answer To Add Counterclaim (Doc. 36), seeking to add a counterclaim against Kuenzi for the amount remaining due on the loan.  Kuenzi answered that Motion on August 17, 2010.

6. On September 24, 2010, Capital One filed a Second Motion For Summary Judgment (Doc. 41), seeking summary judgment on Kuenzi's remaining claims.  Capital One also filed supporting briefs, affidavits, and a statement of facts in conformance with the Local Rules.

7. When Capital One filed its Second Motion For Summary Judgment, its Motion For Leave To Amend Answer To Add Counterclaim remained pending before the Court.

8. On October 6, 2010, Kuenzi's counsel moved (Doc. 46) to stay the Court's applicable scheduling order pending disposition of Capital One's Second Motion For Summary Judgment, and thereafter moved for an extension of time to respond to that Motion (Doc. 47) (this second motion was opposed by Capital One).

9. On October 25, 2010, the Court granted both Kuenzi's motion for a stay of these proceedings and also his motion for an extension of time to respond to the Second Motion For Summary Judgment (Doc. 51).

10. Kuenzi eventually responded to Capital One's Second Motion For Summary Judgment on November 16, 2010 (Doc. 52).

11.     With Kuenzi's response filed, Capital One's Second Motion For Summary Judgment was ripe for the Court's disposition.  That Second Motion addressed only Kuenzi's claims against Capital One, and not Capital One's prospective counterclaims.

12.     On November 30, 2010, the Court granted Capital One's Motion For Leave To Amend Answer To Add Counterclaim (Doc. 54).

13.     Pursuant to that Order, Capital One's Amended Answer With Counterclaim was deemed filed on November 30, 2010 (Doc. 55).

14.     Kuenzi did not file an Answer to Capital One's Counterclaim, but on December 21, 2010 filed a document captioned as a "Notice re: Answer to Counterclaim" (Doc. 56), which Notice did take the form of an Answer.

15.     Capital One's undersigned counsel misapprehended the effect of the Court's November 30, 2010 Order, which not only permitted Capital One to file its Counterclaim, but additionally denied Capital One's then-ripe Second Motion For Summary Judgment as moot and permitted an additional period of time for Capital One to file anew its dispositive motions (Doc. 54).

16.     Believing that Capital One's Second Motion For Summary Judgment remained pending before the Court, Capital One's undersigned counsel failed to re-file Capital One's motion for summary judgment as to Kuenzi's claims.

17.     Instead, Capital One's undersigned counsel erroneously filed only a Motion For Summary Judgment On Counterclaims (Doc. 57)), addressing only Capital One's counterclaim against Kuenzi.

18.     Capital One's undersigned counsel should have filed an omnibus motion for summary judgment (as to both claims and counterclaims), as contemplated by the Court's November 30, 2010 Order (Doc. 54).

19.     On February 11, 2011, Kuenzi filed a "Response In Opposition" (Doc. 59) to Capital One's Motion For Summary Judgment On Counterclaims, contending that Motion was filed late in contravention of the Court's Order of November 30, 2010.

20.     The procedural posture of this case now sets up for piecemeal adjudication of summary judgment on Capital One's counterclaims and Kuenzi's remaining claims, despite that Capital One duly filed motions for summary judgment, with full supporting documentation and briefs, as to both its claims and Kuenzi's claims.

21.     Where no prejudice to the Plaintiff would result, a Court may permit the filing of a summary judgment motion after the deadline set by the Court's scheduling order, without resort to the procedure for late filings set by Federal Rule of Procedure 6. See, e.g., Willmore v. Willmore, No. CIV. A. 95-0803, 1996 WL 36914 (E.D.Pa. Jan. 30, 1996).  See also Kolob Heating and Cooling v. Insurance Corp. of New York, 154 Fed.Appx. 569, 571 (9th Cir. 2005); Mason v. Louisville Police Dept., 8 Fed.Appx. 326, 328 (6th Cir. 2001); Great American Ins. Co. v. U.S., 552 F.Supp.2d 703, 706 (S.D.Ohio 2008); Gomez v. Trustees of Harvard University, 676 F.Supp. 13, 16 (D.D.C. 1987).

22.     Kuenzi has not and cannot identify any prejudice should Capital One be permitted to file, *nunc pro tunc*, an omnibus motion for summary judgment as to both Kuenzi's claims and Capital One's counterclaims.

23.     Indeed, Kuenzi's counsel affirmatively sought a stay of this Court's scheduling orders pending adjudication of Capital One's case-dispositive motions when

they were filed.  See Kuenzi's Motion To Stay Scheduling Order Pending Adjudication Of Defendant Capital One's Motion For Summary Judgment, filed October 6, 2010 (Doc. 46).

24. Kuenzi's counsel thereby acknowledged that no prejudice would result should further proceedings in this case be stayed to permit a full adjudication of case-dispositive motions.

25. Should leave be granted, Capital One is prepared to file an omnibus motion for summary judgment as to all pending claims.

26. Permitting Capital One to file, *nunc pro tunc*, an omnibus motion for summary judgment would prevent the piecemeal disposition of this matter and serve the interests of judicial economy.

27. Even if Capital One is required to meet the provisions of Fed.R.Civ.P. 6(b) permitting late filings (which is denied, see paragraph 20, above), Capital One's late filing should be permitted because it resulted from excusable neglect.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Morgan v. Gandalf, Ltd., 165 Fed.Appx. 425, 428-30, 2006 WL 238321, 3-4 (6th Cir. Jan. 31, 2006); Kimberg v. University of Scranton, 2010 WL 4230711, *3 (3d Cir. 2010); Ashiegbu v. Purviance, 74 F.Supp.2d 740, 747 (S.D.Ohio 1998).

28. Capital One's failure to timely file an omnibus motion for summary judgment was caused, in part, by confusion regarding the effect of the Court's November 30, 2010 Order, which granted leave for Capital One to file a counterclaim but simultaneously dismissed the pending Second Motion For Summary Judgment, which addressed only Kuenzi's claims.

29. Capital One's failure to timely file an omnibus motion for summary judgment was further caused by the convoluted procedural standing of this case over the past several months of pleadings, which have included the simultaneously-pending Second Motion For Summary Judgment and Motion To Amend Answer To Add Counterclaim, the grant of the Motion To Amend by an Order that further mooted the Second Motion For Summary Judgment, Kuenzi's filing of a Notice rather than an Answer in response to Capital One's permitted Counterclaim, and Kuenzi's own motion to stay the proceedings entirely until disposition of Capital One's dispositive motions.

30. Capital One's failure to timely file an omnibus motion for summary judgment was not a result of bad faith or improper purpose. Id.

31. Whether to grant Capital One an enlargement of time to file such an omnibus motion is a matter of discretion for the Court.

32. Kuenzi will not be prejudiced if the Court allows Capital One to file an omnibus motion for summary judgment now, when such filing was clearly contemplated and permitted by the Court's November 30, 2010 Order.

33. The scheduling orders in this case have been repeatedly extended at the behest of Kuenzi's counsel, including the October 6, 2010 request to stay the proceedings entirely until Capital One's summary judgment motions could be adjudicated.

WHEREFORE, in the interest of judicial economy, Capital One requests that the Court grant a brief period of five (5) further days for Capital One to file an omnibus Motion For Summary Judgment, which will combine its filed, but subsequently mooted, Second Motion For Summary Judgment on Kuenzi's claims with its filed Motion For Summary Judgment On Counterclaim.

        McNEES WALLACE & NURICK LLC

By  /s/ Devin Chwastyk
    Devin Chwastyk
    I.D. No. 91852
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    (717) 232-8000

    Attorneys for Defendant Capital One
Dated:  March 3, 2011    Auto Finance, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a true and correct copy of the foregoing document was served upon the following by the Court's electronic filing system:

>Matthew B. Weisberg, Esq.
>Prochniak & Weisberg P.C.
>7 S. Morton Avenue
>Morton, PA 19070
>Counsel for Plaintiff

>By ___/s/ Devin Chwastyk____
>Devin Chwastyk
>Counsel for Defendant

Dated:  March 3, 2011