**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSIAH KUENZI,** | **:   NO. 08-3906** |
| **Plaintiff,** | **:** |
| | **:** |
| **v.** | **:** |
| | **:** |
| **CAPITAL ONE AUTO FINANCE,** | **:** |
| **INC., et al.** | **:** |
| **Defendant.** | **:** |

**DEFENDANT CAPITAL ONE AUTO FINANCE'S BRIEF**
**IN SUPPORT OF MOTION FOR EXTENSION OF TIME**
**TO FILE OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Defendant Capital One Auto Finance, Inc. ("Capital One") files this Brief in support of its Motion for an extension of time to file to file an omnibus summary judgment motion combining its previously-filed Second Motion For Summary Judgment on Plaintiff Josiah Kuenzi's ("Kuenzi") claims with its pending Motion For Summary Judgment On Counterclaims.

I.   **PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS[1]**

Kuenzi commenced this action by filing a Complaint on August 18, 2008 against, *inter alia,* Capital One, alleging claims related to a motorcycle loan that Capital One provided to Kuenzi.

On March 16, 2009, Capital One filed its first Motion for Summary Judgment (Doc. 18).  The Court granted that Motion on June 30, 2009, as to all but two counts of Kuenzi's Complaint (Doc. 26).  Without prejudice, the Court denied Capital One's Motion

---

[1] Capital One's undersigned counsel has filed with this Motion an Affidavit establishing the relevant facts as a matter of record.

as to Kuenzi's claim pursuant to the Truth-In-Lending Act ("TILA") (Count VII) and his derivative claim that the alleged TILA violation also violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III).  (Doc. 27).  The parties have since conducted and completed discovery on this matter.

On August 11, 2010, Capital One filed a Motion To Amend Answer To Add Counterclaim (Doc. 36), seeking to add a counterclaim against Kuenzi for the amount remaining due on the loan.  Kuenzi answered that Motion on August 17, 2010.

On September 24, 2010, Capital One filed a Second Motion For Summary Judgment (Doc. 41), seeking summary judgment on Kuenzi's remaining claims.  Capital One also filed supporting briefs, affidavits, and a statement of facts in conformance with the Local Rules.  At the time when Capital One filed its Second Motion For Summary Judgment, its Motion For Leave To Amend Answer To Add Counterclaim remained pending before the Court.

On October 6, 2010, Kuenzi's counsel moved (Doc. 46) to stay the Court's applicable scheduling order pending disposition of Capital One's Second Motion For Summary Judgment, and thereafter moved for an extension of time to respond to that Motion (Doc. 47) (this second motion was opposed by Capital One).

On October 25, 2010, the Court granted both Kuenzi's motion for a stay of these proceedings and also his motion for an extension of time to respond to the Second Motion For Summary Judgment (Doc. 51).

Kuenzi eventually responded to Capital One's Second Motion For Summary Judgment on November 16, 2010 (Doc. 52).  With Kuenzi's response filed, Capital

One's Second Motion For Summary Judgment was ripe for the Court's disposition.  That Second Motion addressed only Kuenzi's claims against Capital One, and not Capital One's prospective counterclaims.

On November 30, 2010, the Court granted Capital One's Motion For Leave To Amend Answer To Add Counterclaim (Doc. 54).  Pursuant to that Order, Capital One's Amended Answer With Counterclaim was deemed filed on November 30, 2010 (Doc. 55).  The second page of that Order provided that Capital One's Second Motion For Summary Judgment would be denied as moot, but that dispositive motions could be filed again 14 days after Kuenzi responded to the Amended Answer with Counterclaim.

Kuenzi did not file an Answer to Capital One's Counterclaim, but on December 21, 2010 filed a document captioned as a "Notice re: Answer to Counterclaim" (Doc. 56), which Notice did take the form of an Answer.

Capital One's undersigned counsel failed to re-file Capital One's motion for summary judgment as to Kuenzi's claims.   Instead, Capital One's undersigned counsel erroneously filed only a Motion For Summary Judgment On Counterclaims (Doc. 57)), addressing only Capital One's counterclaim against Kuenzi.

Capital One's undersigned counsel misapprehended the effect of the Court's November 30, 2010 Order, which not only permitted Capital One to file its Counterclaim, but additionally denied Capital One's then-ripe Second Motion For Summary Judgment as moot and permitted an additional period of time for Capital One to file anew its dispositive motions (Doc. 54).  Believing that Capital One's Second Motion For Summary Judgment remained pending before the Court, Capital One's undersigned

3

counsel failed to re-file Capital One's motion for summary judgment as to Kuenzi's

claims.

## II.   QUESTIONS PRESENTED

A.   **SHOULD CAPITAL ONE BE PERMITTED TO FILE LATE AN OMNIBUS MOTION FOR SUMMARY JUDGMENT, BECAUSE THE COURT HAS DISCRETION TO PERMIT SUCH LATE FILING, NO PREJUDICE WOULD RESULT TO KUENZI, AND KUENZI HAS PREVIOUSLY REQUESTED A STAY OF THIS PROCEEDING PENDING ADJUDICATION OF CAPITAL ONE'S DISPOSITIVE MOTIONS?**

        **Suggested answer:     Yes.**

B.   **SHOULD CAPITAL ONE BE PERMITTED TO FILE LATE AN OMNIBUS MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 6(b) BECAUSE THE FAILURE TO TIMELY FILE RESULTED FROM EXCUSABLE NEGLECT, CAUSED BY MISAPPREHENSION OF THE EFFECT OF THE COURT'S NOVEMBER ORDER COUPLED WITH THE CONVOLUTED PROCEDURAL HISTORY OF THE MATTER?**

        **Suggested answer:     Yes.**

## III.   ARGUMENT

**A.   Capital One Should Be Permitted To File Late An Omnibus Motion For Summary Judgment , Because The Court Has Discretion To Permit Late Filing Of Summary Judgment Motions, No Prejudice Would Result To Kuenzi, And Kuenzi Has Previously Requested A Stay Of This Proceeding Pending Adjudication Of Capital One's Dispositive Motions.**

Although Federal Rule of Civil Procedure 6(b) governs late filings, generally, this Court has discretion to permit Capital One to file its summary judgment motion, after the deadline set by the Court's scheduling order, without resort to the procedure set by Rule 6(b).  See, e.g., Willmore v. Willmore, No. CIV. A. 95-0803, 1996 WL 36914 (E.D.Pa. Jan. 30, 1996).  See also Great American Ins. Co. v. U.S., 552 F.Supp.2d 703, 706 (S.D.Ohio 2008) ("While defendant should have moved to extend the dispositive motion deadline, striking the motion is not an appropriate sanction for defendant's failure to do so under the circumstances of this case. Defendant did not act in bad faith but rather filed the motion shortly after the extended discovery deadline had passed. Moreover, plaintiffs have not shown that they have been prejudiced by defendant's filing the motion past the dispositive motion deadline."); Gomez v. Trustees of Harvard University, 676 F.Supp. 13, 16 (D.D.C. 1987) ("[I]f the Court refused to permit filing of this summary judgment motion, the same facts now available to the defendants would figure in the motion for a directed verdict that defendants would undoubtedly file.").  See also Kolob Heating and Cooling v. Insurance Corp. of New York, 154 Fed.Appx. 569, 571 (9th Cir. 2005); Mason v. Louisville Police Dept., 8 Fed.Appx. 326, 328 (6th Cir. 2001).

Kuenzi has not and cannot identify any prejudice should Capital One be permitted to file, *nunc pro tunc*, an omnibus motion for summary judgment as to both Kuenzi's claims and Capital One's counterclaims.  The arguments to be set forth therein are the same as those presented in Capital One's Second Motion For Summary Judgment, before it was deemed moot by the Court's November order, and its Motion For Summary Judgment On Counterclaims.

Indeed, Kuenzi's counsel affirmatively sought a stay of this Court's scheduling orders pending adjudication of Capital One's case-dispositive motions when they were filed.  See Kuenzi's Motion To Stay Scheduling Order Pending Adjudication Of Defendant Capital One's Motion For Summary Judgment, filed October 6, 2010 (Doc. 46).  Kuenzi's counsel thereby acknowledged that no prejudice would result should further proceedings in this case be stayed to permit a full adjudication of case-dispositive motions.[2]

Should leave be granted, Capital One is prepared to file an omnibus motion for summary judgment as to all pending claims.  Permitting Capital One to file, *nunc pro*

---

[2] Kuenzi suggests, in his pleading captioned "Response In Opposition To Defendant Capital One's Motion For Summary Judgment As To Its Counterclaims Via Cross-Motion To Strike," that Capital One is estopped from seeking leave for a late filing because Capital One earlier opposed Kuenzi's request for additional time to file a brief in opposition to Capital One's Second Motion For Summary Judgment (Doc. 48).  Kuenzi presents no law establishing such estoppel.  Moreover, Capital One's request for relief from the Court's scheduling order serves the purposes of judicial economy, as set forth below.  Kuenzi's earlier request for an extension of time to file a brief in opposition to a motion for summary judgment was unjustified under the circumstances and merely a dilatory tactic.

*tunc*, an omnibus motion for summary judgment would prevent the piecemeal disposition of this matter and serve the interests of judicial economy.

**B.    Capital One Should Be Permitted To File A Late Omnibus Motion For Summary Judgment Pursuant To Rule 6(B) Because The Failure To Timely File Resulted From Excusable Neglect, Caused By Misapprehension Of The Effect Of The Court's November Order Coupled With The Convoluted Procedural History Of The Matter.**

Even if Capital One is required to meet the provisions of Fed.R.Civ.P. 6 permitting late filings (which is denied, <u>see</u> section A, above), Capital One's late filing should be permitted because it resulted from excusable neglect.  <u>See</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993); <u>Morgan v. Gandalf, Ltd.</u>, 165 Fed.Appx. 425, 428-30, 2006 WL 238321, 3-4 (6th Cir. Jan. 31, 2006); <u>Kimberg v. University of Scranton</u>, 2010 WL 4230711, *3 (3d Cir. 2010); <u>Ashiegbu v. Purviance</u>, 74 F.Supp.2d 740, 747 (S.D.Ohio 1998).

**1.    The Court has full discretion to allow the filing of a late answer where it results from excusable neglect and no prejudice to the plaintiff would result from the late filing.**

A district court has "ample power, in its discretion, to extend the time for serving a motion or answer."  <u>Chocallo v. Internal Revenue Service</u>,  145 Fed. Appx. 746, 747, 2005 WL 2008987, *1 (3d Cir. 2005) (citing <u>Orange Theatre Corp. v. Rayherstz Amusement Corp.</u>, 139 F.2d 871, 872 (3d Cir. 1944)).  <u>See</u> <u>also</u> <u>Curbison v. United States</u>, 242 Fed. Appx. 806, 2007 WL 1828915, *2 (3d Cir. 2007) (affirming grant of motion for extension of time to respond to amended complaint, although motion was filed four months after service of amended complaint).

Federal Rule of Civil Procedure 6(b)(2) allows the Court to grant an extension of time to answer a complaint "for cause shown . . . at any time in its discretion . . . where the failure to act was the result of excusable neglect . . ."  Fed. R. Civ. P. 6(b)(2).

In Pioneer Investment Services Co. v. Brunswick Assocs. Limited Partnership, 507 U.S. 380, 391 (1993), the Supreme Court interpreted the term "excusable neglect." See also In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 153 (3d Cir. 2005); In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315 (3d Cir. 2001) (extending Pioneer holding to Rule 6(b)).  The Pioneer decision adopted a "forgiving attitude toward instances of excusable neglect, a term Pioneer suggests will be given broad meaning."  Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997).

Under the Pioneer standards, the determination of whether a party's neglect is excusable has been held to be an equitable determination, in which the court is to take into account all the relevant circumstances surrounding the party's failure to file timely. In re: Diet Drugs, 401 F.3d at 153; Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995).  The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163-64 (3d Cir. 2004).

In considering these factors, the Third Circuit has defined "excusable neglect" as a somewhat elastic concept, applying a totality of the circumstances approach,

considering and balancing all factors.  Iseley v. Talaber, 2008 WL 416885, *3 (M.D. Pa. Feb. 13, 2008) (citing George Harms Constr. Co., 371 F.3d at 163).

"A finding of excusable neglect is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," Pioneer, 507 U.S. at 391, but extends to some cases in which the delay is "caused by inadvertence, mistake, or carelessness."  Id. at 388.  Pioneer rejected the holding of some courts of appeal that the benefit of excusable neglect could only be employed where late filing was due to circumstances beyond the control of the party, and eschews any per se rule that excusable neglect is unavailable to a party whose untimely filing was due to circumstances within his or her control.  Orthopedic Bone Screw Litigation, 246 F.3d at 322.  "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness."  Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005); Iseley, 2008 WL 416885 at *3 ("Pioneer concluded that . . . the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness.").

> **2.**    **Capital One's late filing of an omnibus motion for summary judgment resulted inadvertently from misunderstanding or overlooking the Court's November ruling, mooting earlier dispositive motions, coupled with the convoluted procedural history of this matter.**

Capital One's failure to timely file an omnibus motion for summary judgment was caused, in part, by confusion regarding the effect of the Court's November 30, 2010 Order, which granted leave for Capital One to file a counterclaim.

Because Capital One's then-pending Second Motion For Summary Judgment did not address the Counterclaim, but only Kuenzi's own claims, Capital One believed that it would remain pending before the Court.  Capital One overlooked that the November Order dismissed the pending Second Motion For Summary Judgment, which addressed only Kuenzi's claims, and directed Capital One to re-file all dispositive motions together.

Capital One's failure to timely file an omnibus motion for summary judgment was further caused by the convoluted procedural standing of this case over the past several months of pleadings, which have included the simultaneously-pending Second Motion For Summary Judgment and Motion To Amend Answer To Add Counterclaim, the grant of the Motion To Amend by an Order that further mooted the Second Motion For Summary Judgment, Kuenzi's filing of a Notice rather than an Answer in response to Capital One's permitted Counterclaim, and Kuenzi's own motion to stay the proceedings entirely until disposition of Capital One's dispositive motions.

Capital One's failure to timely file an omnibus motion for summary judgment was not a result of bad faith or improper purpose.  To the contrary, Capital One has participated actively and in good faith in the litigation of this matter, including all discovery.  Capital One's previously filed Second Motion For Summary Judgment and Motion For Summary Judgment On Counterclaim fully informed Kuenzi of the grounds for Capital One's dispositive motions.  Capital One did not gain any advantage over Kuenzi or otherwise prejudice him by its late filing.

### 3.   Pursuant to Rule 6(b), Capital One should be permitted to file late its omnibus motion for summary judgment.

#### a.   No prejudice to Kuenzi would result from the late pleading.

Kuenzi would not be prejudiced by allowing Capital One to file late an omnibus motion for summary judgment.  The delay is only two months from when such a motion would have been due under the Court's November Order – within litigation that has already extended for more than three years because of Kuenzi's own assorted procedural wrangling regarding additional defendants and his repeated requests for extensions and stays of the proceedings.  See (Docs. 11, 21, 23, 29, 30, 34, 40, 46, 47, 49, 50).  During that time, the discovery deadlines for this matter have been repeatedly extended by agreement of the parties.  Kuenzi himself moved on October 6, 2010 to stay these proceedings entirely until Capital One's dispositive motions are adjudicated. (Doc. 46).

During the entire course of this litigation, Capital One has proceeded in good faith and has repeatedly made Kuenzi aware of its defenses and counterclaims.  Those defenses were originally presented in the Capital One's Answer (Doc. 5).  The same defenses then formed the basis for Capital One's initial Motion for Summary Judgment (Doc. 18).  They were repeated, based on additional evidence, in Capital One's Second Motion For Summary Judgment.  (Doc. 41).  Capital One's counterclaim was initially suggested in its Answer, and then supplemented pursuant to Capital One's fully-briefed Motion For Leave To Amend Answer (Doc. 36) and ultimately in the Amended Answer (Doc. 55).

Under the <u>Pioneer</u> analysis, "the lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." <u>Pioneer</u>, 507 U.S. at 398; <u>George Harms Construction</u>, 371 F.3d at 164.

Here, no cognizable prejudice to Kuenzi would result from allowing Capital One to file late an omnibus motion for summary judgment.  Moreover, the procedural posture of this case now sets up for piecemeal adjudication of summary judgment on Capital One's counterclaims and Kuenzi's remaining claims, despite that Capital One duly filed motions for summary judgment, with full supporting documentation and briefs, as to both its claims and Kuenzi's claims.  Permitting Capital One to file, *nunc pro tunc*, an omnibus motion for summary judgment would prevent the piecemeal disposition of this matter and serve the interests of judicial economy.

**b.      Capital One has provided a reasonable explanation for its delay in filing an omnibus motion for summary judgment.**

The circumstances of Capital One's excusable neglect in answering the Complaint are set forth in section III(B)(2), above.  Capital One's neglect resulted from a misapprehension of the effect of the Court's order granting Capital One leave to file its counterclaim.  That Order dismissed as moot Capital One's Second Motion For Summary Judgment, although that Motion was focused entirely on Kuenzi's claims and was not affected by the addition of Capital One's counterclaim.  Capital One's counsel admittedly should have filed one dispositive motion addressing both claims and counterclaims, but instead filed a new Motion For Summary Judgment On

12

Counterclaim, limited to Capital One's claim against Kuenzi.  Capital One's mistake was caused in part by the relatively convoluted procedural track of this case over the last several months, which has included not only Capital One's crossing motions, but also Kuenzi's failure to properly file an Answer to the Counterclaim and his request that these proceedings be stayed entirely pending disposition of Capital One's Motion. Capital One now seeks to correct its mistake by requesting the Court's leave to revive the mooted Second Motion For Summary Judgment to be combined into an omnibus motion also addressing the counterclaim, so that all case-dispositive arguments can be addressed simultaneously.

Capital One's inadvertent failure to file all dispositive motions timely and together is just the sort of excusable neglect that Rule 6(b) is intended to resolve.  See Pioneer, 507 U.S. at 388 (Rule 6(b) reaches procedural failures "caused by inadvertence, mistake, or carelessness."); Orthopedic Bone Screw Litigation, 246 F.3d at 322 ("Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness."); Iseley, 2008 WL 416885 at *3.

In Bentley v. Atlantic County, 2008 WL 5712889 (D.N.J. 2008), the defendants initially moved for summary judgment, which was granted in part.  Id. at *1.  Later, the court instructed defendants to submit a new motion for summary judgment as to one count, and they so moved.  Subsequently, defendants sought to file an additional late motion for partial summary judgment on other counts.  Id.  The court found that the defendants failure to timely file was excusable neglect, and permitted the late filing

under Rule 6(b).  Notably, the court first emphasized that the grounds presented in the late motion could be raised later by a motion for directed verdict.  Id. at *3-4.  Regardless, the court found excusable neglect in defendants' counsel's oversight and inadvertent mistake.  Id. at *5.  The court found that no prejudice would result to the plaintiff were the late filing permitted, and that judicial resources would be served by permitting defendants to submit all of their dispositive arguments simultaneously before trial.

Here, identically, the failure to timely file an omnibus motion for summary judgment resulted from an inadvertent mistake, and the late filing will not prejudice Kuenzi but rather promote judicial economy by permitting the Court to simultaneously review all the case-dispositive arguments before trial.  If this motion is not granted, all of the grounds for summary judgment will remain available to Capital One at the directed verdict stage, but the costs to the parties and the court in time and expense will be far greater.

IV.    **CONCLUSION**

For the reasons set forth above, the Court should grant Capital One's Motion For

Extension Of Time To File Omnibus Motion For Summary Judgment.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By /s/ Devin Chwastyk
Devin Chwastyk
I.D. No. 91852
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000

Attorneys for Defendant Capital One
Dated:  March 3, 2011        Auto Finance, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a true and correct copy of the

foregoing document was served upon the following by the Court's electronic filing

system:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Avenue
Morton, PA 19070
Counsel for Plaintiff


By ____/s/ Devin Chwastyk_____
Devin Chwastyk
Counsel for Defendant

Dated:  March 3, 2011