IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSIAH KUENZI,** : | NO. 08-3906 |
|     **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **CAPITAL ONE AUTO FINANCE,** : | |
| **INC., et al.** : | |
|     **Defendant.** : | |

## DEFENDANT CAPITAL ONE'S STATEMENT OF FACTS IN SUPPORT OF ITS OMNIBUS MOTION FOR SUMMARY JUDGMENT

Defendant Capital One Auto Finance, Inc. ("Capital One") hereby submits the following Statement Of Undisputed Material Facts:

### CAPITAL ONE WAS NOT A PARTY TO KUENZI'S MOTORCYCLE PURCHASE

1. Plaintiff Josiah Kuenzi's ("Kuenzi") claims arise out of his attempted purchase of a 2003 BMW K1200 LT motorcycle (the "Motorcycle") from Defendants EuroSports Cycles, Inc. and Don Murray (together, the "Dealership Defendants"). See Complaint at ¶10. See also Kuenzi's Response To Defendant Capital One's Requests For Admissions at ¶¶ 1-2 (Capital One's Requests For Admissions are attached hereto as Exhibit "A." Kuenzi's Responses to those Requests For Admissions are attached hereto as Exhibit "B"); Transcript Of Deposition Of J. Kuenzi ("Kuenzi Dep"), attached hereto as Exhibit "C," at pp. 6-7.

2. As stated by Kuenzi in his Answers To Interrogatories:

Plaintiff obtained financing from Defendant for the purposes of obtaining a motorcycle. The motorcycle was never actually purchased by the Plaintiff and Plaintiff never received any motorcycle from the dealership, Don Murray d/b/a Eurosport Cycles, Inc. Plaintiff incurred a loan obligation for property which he never received. In addition, Plaintiff never received a

lawful TILA notification from propounding Defendant at the time Plaintiff incurred the loan obligation.

See Kuenzi's Answers To Interrogatories, attached hereto as Exhibit "D," at p. 1.

3. Kuenzi has admitted that "Capital One is not a party to the Agreement for the purchase of the [Motorcycle]," and has further pled that Capital One only "financed the Agreement." See Exh. B at ¶ 3.

4. Kuenzi has admitted that Capital One "did not breach the Agreement" for the purchase of the Motorcycle. Id. at ¶ 4.

5. Kuenzi has admitted that Capital One merely extended him credit for the purchase of the Motorcycle. Id. ¶ 16.

6. Kuenzi's admissions establish that Capital One was not a party to the sale of the Motorcycle, but merely extended financing to Kuenzi for that purchase.

**KUENZI'S SIGNED ACKNOWLEDGMENT OF RECEIPT OF CAPITAL ONE'S TILA DISCLOSURES CREATES A PRESUMPTION OF DISCLOSURE**

7. Kuenzi testified that he used Capital One's website to apply for Capital One's "Blank Check" used motorcycle loan between October 31, 2007 and November 4, 2007. Exh. C at pp. 8-9.

8. In response to his application, Capital One sent Kuenzi the Blank Check for the purchase of the motorcycle, which Kuenzi received on November 3 or 4, 2007. Id. at p. 10.

9. Kuenzi testified that he received no TILA disclosures when he received the Blank Check, but rather that the Blank Check arrived unaccompanied in an envelope. Id. at p. 11.

10. Kuenzi did not retain a copy of the check or the envelope in which it allegedly arrived. Id. at pp. 17-18.

11. Capital One does not send its customers Blank Checks in plain envelopes, unaccompanied by TILA disclosures. To the contrary, Capital One processes approved loan requests by sending the Blank Check as part of a packet of documents entitled "Blank Check Owner's Manual," which includes TILA disclosures along with other instructions. See Affidavit of Adams Yerger ("Yerger Affidavit"), filed concurrently herewith, at ¶¶ 3-10. See also Exh. A, thereto, at p. 4.

12. Kuenzi purchased the motorcycle using the Blank Check on November 4, 2007. Exh. C at p. 18.

13. The Blank Check executed by Kuenzi contains on its front the following acknowledgment:

> NOTE: By signing and negotiating this check, you become bound by and acknowledge receipt of the Note and Security Agreement delivered to you by Capital One Auto Finance, Inc., and the Truth In Lending disclosure that corresponds to the Model Year of the vehicle purchased and bearing the above check number.

See Exhibit to Kuenzi's Response to Capital One's First Motion For Summary Judgment (Doc. 25-1) at p. 2.

14. Correspondingly, the Blank Check Owner's Manual that Capital One contends it delivered to Kuenzi along with the Blank Check includes Truth-In-Lending disclosures that bear the same check number (#4910305) as the Blank Check that Kuenzi wrote to the Dealership Defendants. Compare Yerger Affidavit at ¶¶ 12-13 and

Exhibit A, thereto, at p. 4 <u>with</u> Kuenzi's Response to Capital One's First Motion For Summary Judgment (Doc. 25-1) at Exh. 2, p. 2.

**<u>KUENZI ADMITS HE SUFFERED NO ACTUAL DAMAGES FROM<br>CAPITAL ONE'S ALLEGED FAILURE TO PROVIDE TILA DISCLOSURES</u>**

15. Kuenzi wrote the Blank Check out to the Dealership Defendants for $7,500.00.  Exh. C at p. 21.

16. Kuenzi thereby borrowed $7,500.00 from Capital One.  <u>Id.</u> at pp. 21-22.

17. Kuenzi made approximately $4,000.00 in payments on the loan before he ceased paying Capital One.  <u>Id.</u> at p. 22.

18. Kuenzi accordingly admits that he still owes approximately $3,500.00 to Capital One.  <u>Id.</u> at p. 22.  <u>See also</u> Capital One's Motion To Amend Answer To Add Counterclaim (Doc. 36) at Exhibit D, "Transaction History Report," reflecting payments and a remaining balance of $3,700.11 as of the last payment date of March 9, 2009.

19. Kuenzi admits that he remains liable to Capital One for the remaining balance of the loan.  Exh. C at pp. 29-30.

19. Kuenzi testified that he had no intention to pay Capital One the remaining balance due on the loan.  <u>Id.</u> at p. 25.

20. Kuenzi testified that the only financial injury that he suffered as a result of the failed purchase of the motorcycle was that he was liable to Capital One for the amount of the loan.  <u>Id.</u> at pp. 26-28.

21. Kuenzi testified that the failed purchase had no impact on his credit history and caused no other financial injury to him.  <u>Id.</u> at pp. 27-28.

22. Kuenzi was unable to identify any humiliation or other emotional injury that resulted from the failed purchase.  Id. at 28-29.

### **KUENZI OWES CAPITAL ONE $4,192.72 PLUS INTEREST**

23. Kuenzi borrowed $7,500 from Capital One in the form of a "Blank Check" motorcycle loan.  See Answer with Counterclaims, ¶ 58 (Doc. 36); Kuenzi's Answer to Counterclaims, ¶ 58 (Doc. 56).

24. The terms and conditions of the Blank Check motorcycle loan are contained in the Blank Check Owner's Manual (the "Loan Agreement").  See Answer with Counterclaims, ¶ 58 and Exhibit A thereto.  (Doc. 36).

25. Kuenzi was provided a copy of the Owner's Manual and agreed to abide by it when he signed the Blank Check.  See Answer with Counterclaims, ¶ 59 and Exhibit A thereto.  (Doc. 36).

26. Under the Loan Agreement, Kuenzi was obligated to make 30 monthly payments to Capital One.  See Answer with Counterclaims, ¶ 60 and Exhibit A thereto. (Doc. 36).

27. Kuenzi made sixteen monthly installment payments on the Loan, the most recent of which he paid on March 9, 2009.  See Answer with Counterclaims, ¶ 62 (Doc. 36); Kuenzi's Answer to Counterclaims, ¶ 62 (Doc. 56); Kuenzi Dep, pp. 21-22 (Exhibit C hereto).

28. Kuenzi has ceased making payments on the Loan.  See Answer with Counterclaims, ¶ 63 (Doc. 36); Kuenzi's Answer to Counterclaims, ¶ 72 (Doc. 56); Kuenzi Dep., p. 25 (Exhibit C hereto).

29. According to the terms of the lease, all payments on the Loan are now due and owing. <u>See</u> Answer with Counterclaims, ¶ 64 and Exhibit A thereto (Doc. 36).

30. As of July 30, 2010, Kuenzi owed $3,700.11 in principal on the Loan. <u>See</u> Answer with Counterclaims, ¶ 65; Kuenzi Dep., p. 22 (Exhibit C hereto).

31. As of July 30, 2010, the payment amount of the Loan, with interest, was $4,912.72. <u>See</u> Answer with Counterclaims, ¶ 66 (Doc. 36).

32. The per diem interest rate on the Loan is 1.13538 percent, and Kuenzi's payoff amount is growing daily as interest accrues. <u>See</u> Answer with Counterclaims, ¶¶ 67-69 (Doc. 36); Kuenzi's Answer to Counterclaims, ¶ 61 (Doc. 56).

McNEES WALLACE & NURICK LLC

By /s/ Devin Chwastyk
    Devin Chwastyk
    I.D. No. 91852
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    (717) 232-8000

QUARLES & BRADLEY LLP
Valerie L. Bailey-Rihn
Wisconsin State Bar No. 1000728
33 East Main Street
Suite 900
Madison, WI 53703

Attorneys for Defendant Capital One Auto Finance, Inc.

Dated: March 11, 2011

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of March, 2011, a true and correct copy of the foregoing document was served upon the following by the Court's electronic filing system:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Avenue
Morton, PA 19070
Counsel for Plaintiff

By ___/s/ Devin Chwastyk____
Devin Chwastyk
Counsel for Defendant

Dated:  March 11, 2011