**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOSIAH KUENZI,                              :   NO. 08-3906
      Plaintiff,                        :
                                     :
      v.                              :
                                       :
CAPITAL ONE AUTO FINANCE,                   :
INC., et al.                                :
            Defendant.                  :

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF**
**ITS OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(c), Defendant Capital One Auto Finance, Inc. files this

Reply Brief in support of its Omnibus Motion for Summary Judgment ("Motion") against

Plaintiff Josiah Kuenzi.

**Capital One Is Entitled To Summary Judgment On Kuenzi's TILA Claim**

In his Memorandum of Law in opposition to Capital One's Motion (Doc. 70),

Kuenzi incorporates an earlier-filed brief (Docket No. 52).  In that brief, Kuenzi

contended that his signed acknowledgment of receipt of Truth-In-Lending Act ("TILA")

disclosures from Capital One created only a rebuttable presumption of such receipt.

Kuenzi contends that his contrary deposition testimony that he did not receive the

disclosures is sufficient to rebut that presumption and create a triable issue.  (Doc. 52 at

p. 6 (citing Cooper v. First Gov't Mortgage and Investors Corp., 238 F.Supp.2d 50, 54

(D.D.C. 2002)).

Kuenzi is mistaken.  As an initial matter, the Cooper decision is factually

distinguishable on the relevant point.  The borrowers in that case refuted their signed

acknowledgment of receipt by producing actual evidence of non-receipt of the TILA

disclosures; unlike Kuenzi, they did not rely solely upon a mere disavowal of receipt. The evidentiary record in <u>Cooper</u> established that the borrowers, immediately after receipt, deposited the TILA disclosures in a lockbox at home, and kept them there until they were produced in discovery.  <u>Cooper</u>, 238 F.Supp.2d at 65.  The court found, "[t]herefore, had she received two copies of the Notice Form, both would have been in her lockbox."  <u>Id.</u>  This fact, <u>not the borrowers mere disavowal of receipt</u>, established "more than a scintilla of evidence" "rebutt[ing] the presumption of delivery" of the TILA disclosures.  <u>Id.</u>

Kuenzi, like the borrowers in <u>Cooper</u>, signed an acknowledged of receipt of TILA disclosures, <u>see</u> (Doc. 65, Statement of Facts, at ¶¶ 11-12; Doc. 25-1 at p. 2). Unlike those borrowers, however, Kuenzi merely relies upon his own self-interested disavowal of receipt of the TILA disclosures.  (Doc. 65-3, Kuenzi Dep. at pp. 11-13 ("Q: What was in the envelope?  A: The check.  Q: Just the blank check?  A: Yes.").  Unlike the borrowers in <u>Cooper</u>, Kuenzi has produced no additional evidence beyond his testimonial repudiation of the signed acknowledgment.  Kuenzi, in fact, testified that he did not retain a copy of Capital One's blank check auto loan document, did not recall what materials had accompanied it, and that no one else saw the materials before he submitted them to Capital One.  (Doc. 65-3 at pp. 17-18, 25).  Kuenzi, therefore, has not and cannot put forward additional evidence supporting his contention that he did not receive the TILA disclosures with Capital One's blank check auto loan document.[1]

---

[1] Kuenzi incorrectly contends that there is a discrepancy between the check number on the blank check auto loan documents allegedly provided to him and the check that he wrote to the dealership.  In fact, the check numbers match.  (Doc. 65 at ¶ 14). The copy

As a legal matter, the <u>Cooper</u> decision is not binding, and, moreover, is contrary to binding precedent from this Court.  <u>See</u> (Doc. 68, Capital One's Brief In Support Of Omnibus Motion For Summary Judgment ("Capital One Brief"), at p. 7 (borrowers' testimony that they did not receive TILA disclosures is not sufficient to rebut the presumption that the disclosures were received where the borrowers had signed a written acknowledgment of receipt of those disclosures) (citing <u>Oscar v. Bank One, N.A.</u>, Civ.A.No. 05-5928, 2006 WL 401853, *3 (E.D.Pa. Feb. 17, 2006); <u>Strang v. Wells Fargo</u>, Civ.A.No. 04-2865, 2005 WL 1655886, *3 (E.D.Pa. July 13, 2005)).  Kuenzi does not refute or even address this binding precedent.

Because Kuenzi relies solely on his own disavowal of receipt, his testimony is insufficient to overcome the presumption of receipt created by his signed acknowledgment of receipt of the TILA disclosures.  <u>See</u> <u>Oscar</u>, 2006 WL 401853 at *3; <u>Strang</u>, 2005 WL 1655886 at *3.[2]

---

produced by Kuenzi is signed by him.  The copy produced by Capital One is unsigned, and was for that reason marked "void" before production.  <u>Id.</u> at Exh. 3, p. 12.

[2] Further, Capital One has provided evidence of its regular office procedures and customary practices of sending blank check auto loan documents, which gives rise to an additional, un-rebutted, presumption of delivery.  (<u>See</u> Doc. 68 at p. 8).

## Capital One Is Entitled To Summary Judgment On Its Counterclaim

Capital One has counterclaimed against Kuenzi for breach of contract and unjust enrichment in light of Kuenzi's admissions that he owes Capital One for the amount it loaned him, which he spent in an effort to purchase a motorcycle. See (Doc. 55, Answer, at ¶¶ 57-75; Doc. 68, Capital One Brief, at pp. 12-15).

Kuenzi makes one argument in opposition to Capital One's counterclaim: that the counterclaim "is effectively a state court debt collection action . . . Defendant impermissibly brings that Counterclaim in this forum where it does not belong." (Doc. 70 (citing Orloff v. Syndicated Office Systems, 2003 WL 22100868 (E.D.Pa. 2003)).

In Orloff, the plaintiff brought claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq. ("FCEUA") and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. ("CPL"), arising from defendants attempts to collect a medical debt. Defendants counterclaimed for breach of contract for the amount of the debt. 2003 WL. 22100868 at *1. The court held that the breach of contract action was not a compulsory counterclaim that could be brought in federal court because none of the evidence needed to prove the plaintiff's allegations of statutory violations was also relevant to the defendant's breach of contract counterclaim. Id. at *2. The plaintiff in Orloff did not allege a TILA violation; that decision, therefore, did not address the viability of a breach of contract counterclaim brought in response to a TILA suit, and is wholly inapplicable here.

"It is settled that compulsory counterclaims which are otherwise purely state-law claims are nonetheless ancillary to an underlying federal claim, and may be brought in federal court without an independent jurisdictional basis." Ambromovage v. United Mine Workers of America, 726 F.2d 972, 988 (3d Cir.1984). A counterclaim is compulsory if it bears a logical relationship to an opposing party's claim. Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., 286 F.2d 631, 634 (3d Cir. 1961)

A borrower seeking to assert a TILA violation and a seller seeking to recover against the buyer for breach of contract must both prove the existence of a loan contract, and therefore breach of contract is a compulsory counterclaim when filed in response to a TILA action. See (Doc. 1, Complaint, at ¶ 47 ("Defendants ... extended and/or arranged for the extension of consumer credit and/or offered to extend and/or arranged for the extension of such credit.").

> Undeniably, a TILA claim and a state law debt claim which concern the same loan are related. Both claims arise from one transaction. This relationship renders [a lender's] claim on the underlying loan a compulsory counterclaim.

Lacy v. General Finance Corp., 651 F.2d 1026, 1029 (5th Cir. 1981). See also Polk v. Crown Auto, Inc., 228 F.3d 541 (4th Cir. 2000) (affirming District Court's grant of summary judgment to seller on buyer's TILA claim and seller's breach of contract claim); Gerber v. Citigroup, Inc., 2009 WL 248094, *9 (E.D. Cal. 2009) ("the state law [collection] claims arise from a common nucleus of operative facts [as plaintiff's TILA claim], specifically, the credit card agreement"); Steele v. Chase Manhattan Mortgage Corp., 2005 WL 2077271, *4 (E.D.Pa. 2005) (considering buyer's TILA claim and seller's breach of contract counterclaim simultaneously).

Because Capital One's breach of contract counterclaim arises from the same transaction and set of facts regarding the loan transaction as Kuenzi's TILA claim, Capital One's counterclaim is compulsory and may properly be addressed by this Court.

### Capital One Is Entitled To Summary Judgment On Kuenzi's Rescission Claim And With Regard To HIs Claim For Money Damages In Excess Of $1,000

As argued by Capital One in its initial brief, TILA does not rescission of consumer loans not secured by a mortgage, and Capital One is therefore entitled to summary judgment on Kuenzi's claim for rescission.  Doc. 68 at p. 7

Additionally, Kuenzi has failed to establish any actual damages, and his statutory damages under TILA are capped at $1,000.00.  Capital One is therefore entitled to summary judgment on Kuenzi's claims for "actual damages," "treble damages," and "punitive damages," and capping Kuenzi's statutory damages in this case at no more than $1,000.00.  Id. at pp. 10-12.

## Conclusion

For the reasons set forth above, and in Defendant Capital One Auto Finance, Inc.'s principal brief, summary judgment should be granted in favor of Capital One and against Plaintiff Josiah Kuenzi on Plaintiff's claims against Capital One and in favor of Capital One on its Counterclaims in the amount of $4,192.72, plus interest at the contractual rate of 1.13538 percent, *per diem*, from July 30, 2010 through the date of payment of the judgment.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By  /s/ Devin Chwastyk
Devin Chwastyk
Pa. Bar I.D. No. 91852
100 Pine Street, P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 232-8000
(717) 237-5300 (fax)

QUARLES & BRADY LLP
Valerie I. Bailey-Rihn
Wisconsin State Bar No. 1000728
Jaime I. Hochhausen
Wisconsin State Bar No. 1061366
33 East Main Street, Suite 900
Madison, WI  53703

Attorneys for Defendant Capital One
Dated:  April 21, 2011                    Auto Finance, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day, a true and correct copy of the

foregoing document was served by the Court's electronic filing system upon the

following:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 S. Morton Ave.
Morton, PA 19070
Counsel for Plaintiff

By /s/ Devin Chwastyk
Devin Chwastyk
Counsel for Defendant

Dated:  April 21, 2011