IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSIAH KUENZI                    :     CIVIL ACTION
                                 :
    v.                           :
                                 :
EUROSPORT CYCLES, INC., et al    :     NO. 08-3906

O'NEILL, J.                                                May 17, 2011

## MEMORANDUM

Plaintiff Josiah Kuenzi obtained a loan from defendant Capital One Auto Finance, Inc. to purchase a motorcycle from EuroSport Cycles, Inc. and Don Murray d/b/a EuroSport Cycles, Inc.[1] The loan check was cashed but the dealer never delivered the motorcycle to Kuenzi and this action ensued. In his remaining claims in this action, Kuenzi seeks damages, attorney's fees and costs from Capital One[2] pursuant to the Truth-in-Lending-Act, 15 U.S.C. § 1601, et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Cons. Stat. Ann. § 201-1, et. seq. Capital One now moves for summary judgment as to Kuenzi's remaining claims and its counterclaims for breach of contract and unjust enrichment. For the reasons that follow, I will grant in part and deny in part Capital One's motion.

## BACKGROUND

Kuenzi attempted to purchase a 2003 BMW K1200 LT motorcycle from EuroSport and Murray. On October 31, 2007, he received a buyer's order for the motorcycle from EuroSport and Murray listing a $7,632.00 purchase price for the vehicle. Sometime between October 31

---

[1] Default judgments were entered against EuroSport and Murray on November 4 and December 16, 2008, respectively.

[2] In his opposition to Capital One's Motion for Summary Judgment, Kuenzi withdrew his claim for recission under TILA. He also limited his claims for damages to $1,000 plus attorney's fees and costs, the statutory cap for TILA violations.

and November 4, 2007 Kuenzi used Capital One's website to apply for a "Blank Check" motorcycle loan. Doc. 65-3 at 8:5-9:24; Doc. 65-4, p. 1.[3] Kuenzi received the Blank Check from Capital One on or around November 3 or 4, 2007. Id. at 10:18-20. On November 4, 2007 Kuenzi executed Blank Check number 4910305 in the amount of $7,500.00 and tendered it to EuroSport. Id. at 10:7-13; Doc. 25-1 at p. 2. The face of the Blank Check included the following acknowledgment:

> NOTE: By signing and negotiating this check, you become bound by and acknowledge receipt of the Note and Security Agreement delivered to you by Capital One Auto Finance, Inc., and the Truth in Lending disclosure that corresponds to the Model Year of the vehicle purchased and bearing the above check number.

Doc. 25-1, p. 2. Although EuroSport deposited the check, Kuenzi never received the motorcycle.

Kuenzi testified that when he received the Blank Check, it arrived in an envelope unaccompanied by any TILA disclosures or other documents. Doc. 65-3 at 11:7-16. Kuenzi did not retain a copy of the check or the envelope in which it arrived. Id. at 17:23-18-2. Nor has he produced the testimony of any other witnesses as to the contents of the envelope that included the Blank Check. In the affidavit of Adams Yerger, Capital One counters that as a regular practice when Blank Check loans are approved a Blank Check is sent to the person requesting the loan in a packet of documents entitled as the "Blank Check Owner's Manual." Doc. 67 at ¶¶ 3-10. The Blank Check Owner's Manual is a bound packet of documents including TILA disclosures, other instructions and the Blank Check. Id. at ¶¶ 5, 7-9. In order to be used for a purchase, the Blank

---

[3] Except for documents with numbered paragraphs, references to the record will be to the document number and pagination generated by the electronic case filing system identified on the top of each page of the documents filed by the parties.

Check must be torn out of the Owner's Manual. Id. at ¶ 8.

Capital One has produced a Blank Check Owner's Manual that it contends is a copy of that which it delivered to Kuenzi in response to his internet loan application. Doc. 43-1. The copy includes TILA disclosures and a void copy of a Blank Check bearing the same check number (4910305) as the Blank Check that Kuenzi wrote to EuroSport. Id. at p. 2-6. The TILA disclosures included in the Blank Check Owner's Manual copy identify an estimated amount financed of $7,500.00 and note that "[t]he information in the above Disclosures marked with '(e)' are estimates based on the maximum loan amount approved and the approved loan terms." Doc. 42-1 at 6. Notably and in contrast, a second set of TILA disclosures sent to Kuenzi on November 9, 2007, after he executed the Blank Check in the full loan amount of $7,500.00 and tendered it to EuroSport, do not identify the $7,500 amount financed as an estimate.

Even though he never received the motorcycle, Kuenzi made sixteen monthly installment payments – approximately $4,000.00 – on the loan before he ceased making payments to Capital One. Doc. 65-3 at 21:19-22:3; Doc. 36-4. As of July 30, 2010, Kuenzi owed $3,700.11 in principal on the Loan and the payoff amount of the Loan with interest was $4,1972.72. Doc. 36-4. The per diem interest rate on the Loan is 1.13538 percent. Kuenzi has admitted that he still owes at least $3,500 to Capital One and testified that he had no intention of paying Capital One the remaining balance due on the loan. Doc. 65-3 at 22:7-9; 25:22-24.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden of demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the

movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 255. A fact is "material" if it might affect the outcome of the case under governing law. Id.

> To establish "that a fact cannot be or is genuinely disputed," a party must:
>
> > (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

1.  **Kuenzi's TILA Claim**[4]

The TILA creates a rebuttable presumption that required disclosures occurred where there is a "written acknowledgement of receipt of any disclosures required . . . by a person to whom such information, forms, and a statement is required to be given." 15 U.S.C. § 1635(c). The check executed by Kuenzi included a disclosure acknowledgement and creates a presumption that he did, in fact, receive the required TILA disclosures. See Oscar v. Bank One, N.A., No. 05-5928, 2006 WL 401853, at *3 (E.D. Pa. Feb. 17, 2006), appeal dismissed, 223 F. App'x 164 (3d Cir. 2007); Strang v. Wells Fargo, No. 04-2865, 2005 WL 1655886, at *3 (E.D. Pa. July 13, 2005).

Kuenzi contends that his testimony that he did not receive a TILA disclosure with his Blank Check is sufficient to rebut the presumption that he did not receive the required TILA disclosures prior to his execution of the Blank Check. I disagree. Where a borrower has signed a written acknowledgment of receipt of TILA disclosures, the borrower's testimony that he or she did not receive TILA disclosures is not sufficient on its own to rebut the presumption that the disclosures were received. See Strang, 2005 WL 1655886, at *3; see also Siffel v. NFM, Inc., No. 07-05152, 2009 WL 3049716, at *1 (E.D. Pa. Sept. 23, 2009) (holding that plaintiffs could not rebut the presumption of delivery under TILA where there was no record evidence to "allow a finding that they received fewer than the necessary TILA notices").

On June 30, 2009, I denied without prejudice defendant Capital One Auto Finance, Inc.'s

---

[4] I have federal question jurisdiction over Kuenzi's TILA claim pursuant to 28 U.S.C. § 1331.

initial motion for summary judgment as to Kunzi's TILA claim, finding that "genuine issues of material fact exist[ed] regarding the date on which Kuenzi received the required TILA disclosures." When I decided that motion, Capital One had not produced the affidavit of Adams Yerger identifying Capital One's customary practice of sending TILA disclosures to loan applicants in a bound packet with the Blank Check. Kuenzi has not provided me with any evidence other than his own conclusory allegation that Capital One's customary practices were not followed in this instance. The evidence in Yerger's affidavit regarding routine business practices combined with the acknowledgment included on the face of the Blank Check cannot be rebutted by Kuenzi's mere assertion that the envelope contained only the Blank Check. See McCarthy v. Option One Mortg. Corp., 362 F.3d 1008, 1021 (7th Cir. 2004) (affirming district court's grant of summary judgment, reasoning that "[e]vidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this Court has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt"); Jobe v. Argent Mortg. Co., LLC, No. 06-00697, 2009 WL 2461168, at *5 (M.D. Pa. Aug. 11, 2009) (finding plaintiffs failed to rebut presumption of delivery where closing agent "provided credible testimony of routine closing practices that he followed"). This is particularly true where Kuenzi has "a compelling motive to disclaim receipt" of the required TILA disclosures, as he never received the motorcycle for which the Blank Check loan was to have paid. Jobe, 2009 WL 2461168, at *5 (granting summary judgment where plaintiffs "stopped paying on the indebtedness six months before they sought to rescind their obligation" and had a "compelling motive to disclaim receipt"). There is no genuine issue of material fact as to whether Capital One is entitled to judgment on its counterclaim for breach of the loan agreement.

## 2. Kuenzi's UTPCPL Claim[5]

A plaintiff bringing a claim under the UTPCPL must allege one of the "unfair or deceptive" acts or practices enumerated in section 2. 73 Pa. Cons. Stat. Ann. § 201-3; Romeo v. Pittsburgh Assocs, 787 A.2d 1027, 1033 (Pa. Super. Ct. 2001). Kuenzi bases his claim against Capital One under the UTPCPL on the same conduct alleged to constitute a violation of the TILA. Because I find that Capital One is entitled to summary judgment on Kuenzi's TILA claims, Capital One is likewise entitled to summary judgment with respect to Kuenzi's claims under the UTPCPL.

## 2. Capital One's Counterclaims

Capital One has counterclaimed against Kuenzi for breach of contract and unjust enrichment. Citing Orloff v. Syndicated Office Sys., No. 00-5355, 2003 WL 22100868 (E.D. Pa. Aug. 20, 3003), Kuenzi argues that Capital One's counterclaims do not belong in this Court and should be brought in a state court debt collection action. Doc. 70 at 6. Capital One counters that this Court has jurisdiction over its counterclaims because they are compulsory counterclaims. The Court of Appeals for the Third Circuit has "not . . . analyzed the question of whether in a TILA action a counterclaim on the underlying debt is either compulsory or permissive . . . [and] [t]here is a split of authority" among the other Circuits that have decided the issue. Brady v. C.F.

---

[5] I have supplemental matter jurisdiction over Kuenzi's UTPCPL claim pursuant to 28 U.S.C. § 1367. I may exercise supplemental jurisdiction pursuant to § 1367 where plaintiff's state law claim and federal claim "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Since both claims arise from the Blank Check loan that Capital One provided to Kuenzi for his motorcycle purchase, I find that this test is satisfied. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Technology, Inc. v. HIF Bio, Inc., --- U.S. ----, 129 S. Ct. 1862, 1866 (2009).

Schwartz Motor Co., Inc., 723 F. Supp. 2045 (D. Del. 1989). I need not decide the issue to resolve defendant's motion for summary judgment on its counterclaims.

"While a compulsory state law counterclaim is undoubtedly within the Court's supplemental (i.e., ancillary) jurisdiction, it does not necessarily follow that a 'permissive' state law counterclaim is outside the Court's jurisdiction." Alpern v. Cavarocchi, No. 98-3105, 1999 WL 257695, at *11 (E.D. Pa. Apr. 28, 1999). As with plaintiff's UTPCPL claim, Capital One's state law counterclaims derive from a common nucleus of operative fact with Kuenzi's claims under TILA – both arise from the Blank Check loan that Capital One provided to Kuenzi. Accordingly, I may exercise supplemental jurisdiction over Capital One's counterclaims. Given that discovery in this matter is complete, I find that "the question of overall judicial economy and in the interest in bringing this matter to conclusion more promptly, clearly weighs in favor of retaining jurisdiction and outweighs the fact that what remain are state law claims only." 55 Kenmore Lane, LLC v. Upper Providence Twp., No. 10-1089, 2010 WL 4646699, at *7 (E.D. Pa. Nov. 16, 2010).

### A. Breach of Contract

To establish its breach of contract claim under Pennsylvania law, Capital One must establish: (1) the existence of a contract, including the essential terms; (2) that Kuenzi breached a duty imposed by the contract; and (3) damages. Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. 2000). Kuenzi admitted that a contract exists, that he had a duty to make payments under the loan agreement and that he failed to make certain payments under the loan agreement. Accordingly, there is no genuine issue of material fact as to whether Capital One is entitled to judgment on its counterclaim for breach of the loan agreement.

**B.     Unjust Enrichment**

A party cannot recover under a theory of unjust enrichment if the parties' relationship is governed by a written contractual agreement.  See Curley v. Allstate Ins. Co., 289 F. Supp. 2d 614, 619-620 (E.D. Pa. 2003), citing Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969); Third Nat'l Bank & Trust Co. of Scranton v. Lehigh Valley Coal Co., 44 A.2d 571, 574 (Pa. 1945).  Because the loan agreement between Kuenzi and Capital One is a valid and enforceable contract, Capital One is entitled to recover on that basis alone.  Accordingly, I will dismiss Capital One's claim for unjust enrichment.

An appropriate Order follows.